**Regina DORE, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.**

No. 03–6099.

United States Court of Appeals, Second Circuit.

March 3, 2004.

Stanley F. Meltzer, New York, NY, for Appellant.

Susan D. Baird, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York; Sharda E. Singh and Meredith E. Kotler, on the brief), New York, NY, for Appellees.

---

1. The Honorable Louis L. Stanton, United States District Judge for the Southern District of New York, sitting by designation.

**470**

PRESENT: STRAUB, POOLER, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Regina Dore ("Dore") appeals from the judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*) affirming the denial of Social Security Disability benefits by the Social Security Commissioner. On appeal from the District Court's review of the Commissioner's decision, this Court reviews "the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Machadio v. Apfel,* 276 F.3d 103, 108 (2d Cir.2002).

On appeal, Dore argues that the ALJ improperly refused to credit the opinion of her treating physician, Dr. Avraham Henoch. For substantially the reasons stated by the District Court, we agree that the IJ permissibly refused to give Dr. Henoch's opinion controlling weight. *See Veino v. Barnhart,* 312 F.3d 578, 588 (2d Cir.2002) (explaining that "[w]hile the opinions of a treating physician deserve special respect, they need not be given controlling weight where they are contradicted by other substantial evidence in the record") (internal citations omitted).

Dore also contends that the IJ abused his discretion by declining to issue a subpoena to Dr. Teresella Gondolo, a neurologist who examined Dore in 1997. We agree with the District Court that the IJ acted within the scope of his discretion pursuant to the guidelines set forth in *Yancey v. Apfel,* 145 F.3d 106, 113 (2d Cir.1998) (concluding that an ALJ may deny a subpoena request, where the claimant is not denied "a fair and meaningful opportunity to present her case," and where there is no indication that the physician's reports "were inaccurate or biased or that subpoenaing [the physician] would have added anything of value to the proceedings").

We have examined Dore's remaining arguments and find them to be without merit. Accordingly, for the reasons stated above, the judgment of the District Court is AFFIRMED.