**Zachary ADAMS, Plaintiff–Appellant,**

v.

**Larry G. MASSANARI, Acting Commissioner of Social Security, Defendant–Appellee.**

No. 02–6069.

United States Court of Appeals, Second Circuit.

March 11, 2004.

Zachary Adams, for Plaintiff–Appellant, pro se.

Lisa de Soto, General Counsel, Social Security Administration, Barbara L. Spivak, Chief Counsel–Region II, Social Security Administration (Andreea Lechleitner, Assistant Regional Counsel, on the brief), for Defendant–Appellee.

PRESENT: VAN GRAAFEILAND, LEVAL, and CALABRESI, Circuit Judges.

**826**

## SUMMARY ORDER

*Pro se* plaintiff-appellant Zachary Adams filed a complaint in federal district court seeking review of the Social Security Commissioner's final order granting Adams's application for Disability Insurance Benefits and Supplemental Security Income, using a disability onset date of January 1, 1996. Adams claimed, contrary to the ALJ's findings, that the onset of his disability occurred prior to 1996. The district court found that the ALJ's ruling was supported by substantial evidence, and we affirm.

We review the administrative record *de novo* to determine whether the Commissioner applied the correct legal standard and reached factual conclusions that were supported by substantial evidence. *See Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002). To be eligible for disability insurance benefits, an individual must be unable to " 'engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than 12 months.' " *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir.1998) (quoting 42 U.S.C. §§ 423(d)(1)(A)); *see also* 42 U.S.C. § 1382c(a)(3)(B) (providing that a physical or mental impairment is disabling for the purpose of benefits eligibility if it is "of such severity that [the recipient] is not only unable to do his previous work, but cannot . . . engage in any other kind of substantial gainful work which exists in the national economy")). According to Social Security Ruling 83–20, the relevant factors in determining the disability onset date include the claimant's allegation, work history, and medical evidence.

The evidence in the record in this case does not support a finding that Adams's disability onset date occurred before January 1996. Though Adams suffered from some physical limitations, the evidence supports a finding of no physical disability during the relevant time period. The record is also consistent with the ALJ's finding that the appellant's mental disability onset date was January 1, 1996.

On appeal, Adams argues that his 1990 benefits award was calculated incorrectly, but that determination is not properly before us. In order to challenge the 1990 award, Adams must first move to reopen that case before the ALJ and is required to exhaust his administrative remedies before seeking review from the federal courts. *See Byam v. Barnhart*, 336 F.3d 172, 179–80 (2d Cir.2003).

We have considered all of the appellant's arguments and found them to be without merit. Accordingly, we affirm the district court's judgment.