Laura E. DONNELLY, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.

Docket No. 03–6264.

United States Court of Appeals, Second Circuit.

July 1, 2004.

Eugene D. Faughnan, Hinman, Howard & Kattell LLP, Binghamton, NY, for Appellant.

John M. Kelly, Assistant Regional Counsel, Social Security Administration, New York, N.Y. (Barbara L. Spivak, Chief Counsel—Region II, of counsel, Lisa de Soto, General Counsel, on the brief), for Appellee.

PRESENT: MINER, STRAUB, Circuit Judges, and FEUERSTEIN, District Judge.*

### SUMMARY ORDER

Plaintiff–Appellant Laura E. Donnelly appeals from the September 29, 2003 judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*), which affirmed the Social Security Commissioner's decision that plaintiff was not entitled to disability insurance benefits because she retained the residual functional capacity to perform sedentary work. We assume familiarity with the facts of this case, its procedural context, and the issues that have been raised for appellate review.

"In reviewing the denial of [Social Security] benefits by the [Commissioner], our focus is not so much on the district court's ruling as it is on the administrative ruling." *Rosa v. Callahan,* 168 F.3d 72, 77

---

* The Honorable Sandra J. Feuerstein, United States District Judge for the Eastern District of New York, sitting by designation.

(2d Cir.1999) (internal quotation marks omitted; alterations in the original). On appeal, "[w]e review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Machadio v. Apfel,* 276 F.3d 103, 108 (2d Cir.2002). The Court may "set aside [an] ALJ's decision only where it is based upon legal error or is not supported by substantial evidence." *Rosa,* 168 F.3d at 77 (*quoting Balsamo v. Chater,* 142 F.3d 75, 79 (2d Cir.1998)) (alteration in the original).

■ Plaintiff argues, *inter alia,* that the ALJ failed to accord her treating physicians, Dr. Peterson and Dr. Desai, controlling weight under the treating-physician rule. A treating physician's opinion is given controlling weight when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *Schisler v. Sullivan,* 3 F.3d 563, 567 (2d Cir.1993). Given the inconsistencies identified by the ALJ between the treating physicians' opinions and other evidence in the record, we find that the ALJ did not err in deciding to accord controlling weight to neither Dr. Peterson nor Dr. Desai.

■ Furthermore, the ALJ's conclusion that plaintiff retains sufficient residual functional capacity to perform past relevant work is supported by evidence in the record from January 15, 1993 through June 30, 1997, the period in which plaintiff was insured. Most notably, the ALJ highlights: (1) the 1993 assessment by Dr. Kochersperger that plaintiff can perform light clerical work; (2) plaintiff's own testimony as to her ability to perform a variety of daily activities (e.g., cook dinner, fold clothes, sew); and (3) certain comments from plaintiff's treating physicians indicating at least temporary signs of improvement and functionality. Additionally, the ALJ properly discounted portions of the doctors' opinions that made conclusory statements as to whether plaintiff was disabled. *See* 20 C.F.R. § 404.1527(e)(1) (reserving for the Commissioner the responsibility "for making the determination or decision about whether [a claimant] meet[s] the statutory definition of disability"). For these reasons, we find that substantial evidence in the record supports the conclusion that plaintiff was able to perform her past relevant work prior to the expiration of her insured status.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.