54

**Michael A. NETTER, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security,\* Defendant–Appellee.**

No. 07–0593–cv.

United States Court of Appeals, Second Circuit.

April 2, 2008.

Richard J. Lippes, Richard J. Lippes & Associates, Buffalo, NY, for Appellant.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Michael J. Astrue is automatically substituted for former Commissioner of the Social Security Administration Jo Anne Barnhart as the appellee in this case.

Karen T. Callahan, Special Assistant United States Attorney (Terrance P. Flynn, United States Attorney, Western District of New York, on the brief), Office of the General Counsel, Social Security Administration, New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, and Hon. WILFRED FEINBERG, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Michael Netter appeals from a final judgment of the United States District Court for the Western District of New York (Elfvin, *J.*) affirming a decision of the Commissioner of Social Security ("Commissioner") which denied Netter's claim for disability and supplemental security income benefits under the Social Security Act ("Act"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

When a district court upholds a determination of the Commissioner, we "review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Machadio v. Apfel,* 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

■ [1] Netter argues that the administrative law judge ("ALJ") and the district court erred in discounting his credibility on the basis of a decades-old conviction for armed robbery and his history of substance abuse. But he cites no controlling

legal authority for the proposition that these are impermissible considerations. More to the point, the ALJ's credibility determination also rested on other grounds, such as the inconsistency between Netter's testimony and a treating orthopedic surgeon's clinical notes. Ultimately, "[i]t is the function of the [Commissioner], not [the reviewing courts], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.,* 705 F.2d 638, 642 (2d Cir.1983).

Moreover, the district court did not affirm the ALJ's credibility determination on different grounds than those on which the ALJ relied. The district court relied on the same set of inconsistencies identified by the ALJ.

■ [2] Netter claims that the ALJ and the district court should have given controlling or significant weight to a treating physician's opinion that he is disabled. However, Dr. Regalla's opinion that Netter is disabled is inconsistent with her own clinical observations that Netter's neck pain was controlled and that she expected significant improvement in his condition. In addition, Dr. Anthony Leone, a specialist in orthopedic surgery who also treated Netter (at the recommendation of Dr. Regalla), confidently opined that Netter was not "by any stretch of the imagination, totally disabled." Dr. Leone's clinical findings that Netter's sensations, strength and reflexes were "grossly normal" support his conclusion. Finally, Dr. Leone's opinion was consistent with the opinions of multiple state-employed consultative doctors and Dr. Chandra Gowda.

Under the applicable regulations, even "nonexamining sources" may "override treating sources' opinions, provided they

are supported by evidence in the record." *Schisler v. Sullivan,* 3 F.3d 563, 568 (2d Cir.1993) (citing 20 C.F.R. §§ 404.1527(f), 416.927(f)). Where, as here, a treating specialist and state-employed physicians are in agreement that an individual is not disabled, and where this conclusion is supported by record evidence, the Commissioner may reject the contrary opinion of one treating physician. *See Veino v. Barnhart,* 312 F.3d 578, 588 (2d Cir.2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve." (citing *Richardson v. Perales,* 402 U.S. 389, 399, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971))). We find no error in the ALJ's decision not to give controlling or significant weight to Dr. Regalla's opinion, nor in the ALJ's resulting conclusions as to Netter's physical capabilities, as both decisions are supported by evidence in the record. Moreover, because the district court relied on Dr. Regalla's conservative treatment regimen merely as additional evidence supporting the ALJ's determination rather than as "compelling" evidence sufficient in itself to overcome an "otherwise valid medical opinion," the district court did not impermissibly "substitute his own expertise or view of the medical proof for the treating physician's opinion," *Shaw v. Chater,* 221 F.3d 126, 134–35 (2d Cir.2000).

Netter's final claim is that the ALJ was obliged to affirmatively develop the record because it found Dr. Regalla's clinical records to be lacking. However, the ALJ rejected Dr. Regalla's opinion because it was contradicted by the opinions of other doctors and the record evidence—not because it was inadequately supported by her own clinical records.

We have considered Netter's remaining arguments and find them to be without merit. For the foregoing reasons, the final judgment of the district court is hereby **AFFIRMED.**