Adriano DURAN, Plaintiff–Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.

No. 07–3309–cv.

United States Court of Appeals, Second Circuit.

Oct. 14, 2008.

Adriano Duran, Glendale, NY, pro se, Plaintiff–Appellant.

Varuni Nelson, Kathleen A. Mahoney and Edward K. Newman, Assistant United States Attorneys for Benton J. Campbell, United States Attorney, Eastern District of New York, Brooklyn, NY, Defendant–Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Adriano Duran appeals from an order entered July 19, 2007 by the United States District Court for the Eastern District of New York (Irizarry, *J.*) affirming the Commissioner of Social Security's denial of disability insurance benefits under the Social Security Act. We assume the parties' familiarity with the underlying facts, the

procedural history, and the issues on appeal. Duran's principal argument is that the administrative law judge ("ALJ") and the district court erred in denying his claim for benefits because (1) he suffered from an ulcer on his leg in 2001 that required medical treatment and (2) doctors prohibited him from working and lifting.

When a district court upholds a determination of the Commissioner, we "review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Machadio v. Apfel,* 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

■ ■ The ALJ found that there was no evidence that Duran's condition was "severe" under the applicable regulations because Duran had presented no evidence of "any impairment or combination of impairments which significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). Substantial evidence supports the ALJ's determination.

There is no indication in Duran's medical records of any condition that significantly limits his ability to perform basic work tasks. Medical records indicate that Duran's ulcer had completely healed by April 18, 2001. A consultative physician who examined Duran on February 24, 2004 determined that Duran had a full range of motion in his arms, legs, hands and neck, no difficulty dressing or undressing, and normal muscle strength. He also noted that Duran used a cane but that it was unnecessary. The physician diagnosed Duran as having varicose veins and high blood pressure "with no complications" and concluded that there are no limitations on Duran's physical activity.

Duran's testimony also supported the ALJ's conclusion. Duran testified that he takes public transportation, attends church on Sundays, is able to dress and bathe himself, and accompanies his wife when she goes shopping.

■ ■ Duran claims that the ALJ and the district court should have given greater weight to evidence that "doctors prohibited [him] from working and lifting." The evidence Duran refers to is a functional assessment dated May 26, 2004 completed by a "medical records physician" at Bellevue Hospital Center stating that Duran should not lift or carry more than ten pounds, could stand for at least two hours in an eight-hour work day, could sit for less than six hours in an eight-hour workday, and had limited ability to push and/or pull or reach in all directions. We find no error in the ALJ and district court's decisions to disregard this assessment because it was not from an acceptable medical source as defined in 20 C.F.R. § 404.1513 nor did it include clinical findings.

We have considered Duran's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED.**