Joseph NAVAN, Appellee,

v.

Michael J. ASTRUE, Defendant–Appellant.

No. 07–3596–cv.

United States Court of Appeals, Second Circuit.

Dec. 16, 2008.

John E. Gura, Jr., Assistant United States Attorney, (Sarah S. Normand, of counsel), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: Hon. RICHARD C. WESLEY, Hon. JOSEPH M. McLAUGHLIN and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Joseph Navan appeals from an Opinion and Order, issued on June 21, 2007, in the United States District Court for the Southern District of New York (Hellerstein, *J.*), granting the motion for judgment on the pleadings made by Defendant–Appellee Michael J. Astrue, Commissioner of Social Security ("Commissioner"), upholding the Commissioner's decision denying Navan's claim for disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 423 *et seq.*, and dismissing Navan's complaint. *Navan v. Astrue*, No. 06 Civ. 2757, 2007 WL 1834830 (S.D.N.Y. June 20, 2007). We assume the parties' familiarity as to the facts, the procedural context, and the specification of appellate issues.

As an initial matter, Navan argues that the district court erred in holding that Administrative Law Judge ("ALJ") Dennis G. Katz had properly applied *res judicata* to Navan's July 18, 1996 application for benefits, thus determining that the rele-

vant period for disability benefits ran from the day after the final determination on Navan's previous claim, May 13, 1997, through December 31, 1999, the date on which Navan's Title II insurance status expired. Administrative *res judicata* is appropriately applied where a prior determination on the same facts and issues made by the Commissioner has become final by either administrative or judicial action. 20 C.F.R. § 404.957(c)(1). The Commissioner's May 12, 1997 notice affirming upon reconsideration the initial denial of Navan's July 1996 application for disability insurance benefits advised Navan that he had sixty days to appeal the determination.[1] His failure to do so rendered the Commissioner's determination binding for the period covered by the 1996 application. *See* 20 C.F.R. § 404.921. Navan's second, November 20, 2002 application claimed disability as of November 9, 1994, the same date of onset as alleged in his first application, thus including as part of his claimed disability period the time between November 9, 1994 and May 12, 1997. However, the Commissioner's May 12, 1997 decision was a final, binding decision as to his disability during that time. Thus, the ALJ correctly applied *res judicata*.

■ Next, Navan contests the district court's decision upholding the ALJ's determination that Navan was not disabled during the period from May 13, 1997 to December 31, 1999, arguing that the district court erred in (1) relying on a lack of treatment records between 1997 and 1999 to reach a conclusion of non-disability; (2) failing to give sufficient weight to the testimony of Navan's medical expert, Dr. Langman; and (3) failing to adequately consider Navan's claims of subjective pain.

When a district court reviews a determination of the Commissioner, we "review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

We find that substantial evidence supports the ALJ's determination that Navan is not entitled to disability insurance benefits because he retained the ability to perform light work. First, the ALJ appropriately relied on the near absence of any medical records between March 1997 and June 1999 to find that Navan's claims of total disability were undermined by his failure to seek regular treatment for his allegedly disabling condition. *Arnone v. Bowen*, 882 F.2d 34, 39 (2d Cir.1989). Second, substantial evidence supports the ALJ's finding that Dr. Langman's testimony was not entitled to significant weight. A medical opinion may be given significant weight only if it is "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). Dr. Langman's testimony that Navan had been totally disabled since 1992 was clearly inconsistent with Navan's own statements that he was able to work until November 1994, as well as with the other medical evidence somewhat proximal in time to the period under consideration, including Dr. Barschi's January 1996 opinion that post-surgery Navan's reflexes and gait were normal and Dr. Valente's report that Na-

1. The notice further informed Navan that a failure to timely appeal the determination could result in the agency relying upon that determination to deny subsequent applications.

van was exercising and feeling stronger as of November 8, 2001. Third, the ALJ's finding that Navan's claims of subjective pain were not entirely credible are likewise adequately supported by substantial evidence. Despite claiming that his condition was totally disabling, Navan failed to seek regular medical treatment during the period between March 1997 and June 1999. Moreover, the medical reports in the record from shortly before and shortly after the period under consideration similarly belie his claim that he could not perform even light work during the relevant period. For example, Dr. Barschi's 1996 report that Navan had a normal gait and motor power, and Navan's own 2001 estimate that his lower back pain rated a "3" on a scale of "0–10," both undercut Navan's claims of substantial and totally disabling pain. Thus, substantial evidence supports the ALJ's finding Navan's claims of subjective pain not fully credible.

Accordingly, for the reasons set forth above, the order of the district court is AFFIRMED.