SUMMARY ORDER
Cornelia C. Brown appeals from a September 12, 2007 decision and order of the district court[1] that affirmed an Administrative Law Judge’s (“ALJ”) decision affirming a determination of the Commissioner of Social Security (“Commissioner”) that Brown was not disabled and was therefore ineligible for Supplemental Security Income. We assume the parties’ familiarity with the underlying facts, procedural history, and specification of issues for review.
When a district court reviews a determination of the Commissioner, we “review the administrative record de novo to determine whether there is substantial evidence supporting the Commissioner’s decision and whether the Commissioner applied the correct legal standard.” Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir.2002). We conclude that the ALJ did not apply an incorrect legal standard and substantial evidence supports the ALJ’s determination that Brown retains the functional capacity to perform her past work as both a kitchen worker and a day-care provider, and thus, she does not meet the test for disability under the Social Security Act. See 42 U.S.C. §§ 423(d)(2)(A). The ALJ’s determination finds ample support in medical evidence, including the testimony of orthopedic surgeon Dr. Stanley As-kin, and vocational expert Dr. Peter Man-zi.
The ALJ did not err in refusing to adopt the conclusion of Dr. Jala Sadrieh, Brown’s treating orthopedic surgeon, that Brown was “totally disabled.” The medical opinion of a claimant’s treating physician is “given controlling weight” only “if it is well supported by medical findings and not inconsistent with other substantial record evidence.” Shaw v. Chater, 221 F.3d 126, 134 (2d Cir.2000). A statement by a doctor that an individual is “disabled” does not constitute a determination that an individual is disabled within the meaning of the law. Id. at 131. The ALJ did not eiT in concluding that Dr. Sadrieh’s statement was not supported by specific medical findings regarding Brown’s limitations and was contrary to the weight of the evidence presented.
Brown argues that the ALJ failed to take into account her statements regarding her inability to lift children during daycare work without severe pain. But the ALJ was not required to fully credit Brown’s testimony. “Where there is conflicting evidence about a claimant’s pain, the ALJ must make credibility findings.” Snell v. Apfel, 177 F.3d 128, 135 (2d Cir.1999). The ALJ found Brown’s testimony on the extent of her pain to be only “partially credible” based on other statements by Brown regarding tasks she was able to perform and the medical evidence. Taking Brown’s testimony regarding her pain into account, the ALJ concluded that Brown was unable to lift and carry more than 25 pounds on a frequent basis and no more than 50 pounds total, and that she could *452 pei’form her past work with a medium level of accommodation of her condition.
Although we agree with Brown that a statement by a “Dr. Carter” referring to an automobile accident appears to have been erroneously included in the administrative record, Dr. Carter’s statement has no bearing on the ALJ’s ultimate conclusion in this case.
We have carefully considered Brown’s remaining contentions on appeal and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

. The parties consented to have the magistrate judge conduct all proceedings pursuant to 28 U.S.C. § 636(c).