SUMMARY ORDER
Sheryl D. Newbury appeals from a July 28, 2007 decision and order of the district court that affirmed an Administrative Law Judge’s (“ALJ”) decision affirming a determination of the Commissioner of Social Security (“Commissioner”) that Newbury was not disabled and was therefore ineligible for disability insurance and supplemental security income benefits under the Social Security Act. On appeal, Newbury argues that the ALJ erred by failing to explain his reasons for neglecting to give the opinion of her treating physician controlling weight, and that the Commissioner’s finding that she was able to work notwithstanding her non-exertional limitations was not supported by substantial evidence.[1] We assume the parties’ familiarity with the underlying facts, procedural history, and specification of issues for review.
When a district court reviews a determination of the Commissioner, we “review the administrative record de novo to determine whether there is substantial evidence supporting the Commissioner’s decision and whether the Commissioner applied the correct legal standard.” Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir.2002).
The medical opinion of a claimant’s treating physician is “given controlling weight” only “if it is well supported by medical findings and not inconsistent with other substantial record evidence.” Shaw v. Chater, 221 F.3d 126, 134 (2d Cir.2000). A statement by a doctor that an individual is “disabled” does not constitute a determination that an individual is disabled within the meaning of the law. Id. at 131. Nonetheless, the ALJ must “comprehensively set forth [the] reasons for the weight assigned to a treating physician’s opinion.” Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir.2004); see 20 C.F.R. § 404.1527(d)(2) (“We will always give good reasons in our notice of determination or decision for the weight we give your treating source’s opinion.”). Remand is appropriate where the ALJ fails to provide “ ‘good reasons’ for not crediting the opinion of a claimant’s treating physician.” Snell v. Apfel, 177 F.3d 128, 133 (2d Cir.1999) (quoting 20 C.F.R. § 404.1527(d)(2)); see also School v. Apfel, 134 F.3d 496, 505 (2d Cir.1998).
We vacate and remand for further consideration because the ALJ and the Appeals Council failed to give any reasons for not crediting two assessments of New-bury’s condition by her treating psychiatrist, Dr. Jeffrey Grace. On a form dated April 23, 2004, Dr. Grace opined that New-bury was not able to work “in any capacity,” and identified eleven out of thirteen job-related “factors which may effect job performance unfavorably” for Newbury. In a medical assessment form dated December 3, 2004, which was submitted to the Appeals Counsel after the ALJ’s decision, see 20 C.F.R. §§ 404.970(b), 416.1470, Dr. Grace gave specific assessments of Newbury’s ability to perform in a work setting with respect to eighteen areas of *18 mental functioning. He opined that New-bury was “disabled from full-time competitive employment” and that her inabilities to deal with the public, cope with work stress, maintain attention and concentration, and relate predictably in social situations would “frequently significantly impair and/or preclude performance of even simple work tasks.” Notwithstanding Dr. Grace’s opinions, the ALJ determined that Newbury was not disabled because she had residual functional capacity to perform light and sedentary work involving simple, one-step tasks with minimal public contact.
The district court misstated the applicable law in holding that because Dr. Grace’s opinions go to decisions that are reserved solely to the Commissioner, “plaintiff is not entitled to an explanation of the reasons for the ALJ’s refusal to credit Dr. Grace’s findings.” To be sure, Dr. Grace’s conclusions that Newbury was “disabled” and lacked “residual functional capacity” are not entitled to controlling weight. 20 C.F.R. § 404.1527(e). But in Snell we held:
Reserving the ultimate issue of disability to the Commissioner relieves the Social Security Administration of having to credit a doctor’s finding of disability, but it does not exempt administrative deci-sionmakers from their obligation ... to explain why a treating physician’s opinions are not being credited. The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases, even — and perhaps especially — when those dispositions are unfavorable.
177 F.3d at 134.
The Commissioner argues that even though the ALJ and the Appeals Counsel did not state any specific reasons for rejecting Dr. Grace’s opinions “we can clearly glean from the decision and from the record[ ], the ALJ’s [and the Appeals Council’s] rationale for not adopting [those] opinion[s].” The Commissioner also argues that Dr. Grace’s December 3, 2004 opinion could not be considered by the Appeals Counsel because it pertains to a time period after the ALJ’s October 24, 2004 decision. See 20 C.F.R. § 404.970(b) (“If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision.”).[2] But neither of these reasons were provided by the ALJ or the Appeals Counsel. A reviewing court “ ‘may not accept appellate counsel’s post hoc rationalizations for agency action.’ ” Snell, 177 F.3d at 134 (quoting Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168, 83 S.Ct. 239, 9 L.Ed.2d 207 (1962)).
Newbury also argues that remand is required because the ALJ erred in relying on “equivocal testimony” from vocational expert Fred Monaco on whether there is any type of work a person with certain “moderate” limitations in her ability to complete the work day or work week could perform. Based on our review of the record, we do not agree that Monaco’s testimony was equivocal.
On remand, Newbury is entitled to express consideration of Dr. Grace’s April 23, 2004 and December 3, 2004 opinions, a statement of the weight given to these opinions, and good reasons for the ALJ’s *19 decision. Because a proper application of the Snell rule could result in a ruling favorable to Newbury on remand, we decline to consider whether substantial evidence supported the Commissioner’s determination that Newbury was not disabled.
The judgment of the district court is vacated, and the ease is remanded to the district court with directions that it remand the case to the Commissioner for further proceedings consistent with this order.

. On appeal, Newbury does not dispute the ALJ's findings with respect to her exertional impairments and residual functional capacity. Appellant’s Br. at 6 n. 1.

. We note that we have held that medical evidence generated after an ALJ's decision cannot deemed irrelevant solely because of timing. Pollard v. Halter, 377 F.3d 183, 193 (2d Cir.2004). For example, subsequent evidence of the severity of a claimant's condition may demonstrate that "during the relevant time period, [the claimant's] condition was far more serious than previously thought." Id.