SUMMARY ORDER
Lorie A. Burgin appeals from the January 11, 2008 decision and order of the district court affirming the Commissioner of Social Security’s denial of her applications for disability and supplemental security income (“SSI”) benefits under the Social Security Act. We assume the parties’ familiarity with the underlying facts, procedural history, and issues on appeal.
We review the administrative record de novo to determine whether there is substantial evidence to support the Commissioner’s denial of Social Security benefits and whether the Commissioner applied the correct legal standard. See Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir.2002). Burgin’s case must be remanded for further administrative proceedings, because the Commissioner, when determining Bur-gin’s residual functional capacity (“RFC”) to engage in any substantial gainful activity, (1) failed to account for her major depression and (2) failed to appropriately consider the opinion of her treating physician.
The Commissioner is required to “consider the combined effect of all of [the claimant’s] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity” to establish eligibility for Social Security benefits. 20 C.F.R. § 404.1523. And, if the Commissioner “do[es] find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process.” Id.; see also 20 C.F.R. § 416.945(a)(2). Our case law is plain that “the combined effect of a claimant’s impairments must be considered in determining disability; the [Commissioner] must evaluate their combined impact on a claimant’s ability to work, regardless of whether every impairment is severe.” Dixon v. Shalala, 54 F.3d 1019, 1031 (2d Cir.1995); see also Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir.2002) (“A hypothetical question posed to a vocational expert must reflect all of a claimant’s impairments.... Where there exists in the record medically undisputed evi *648 dence of specific impairments not included in a hypothetical question ..., the expert’s response is not considered substantial evidence.” (internal citations and quotation marks omitted)).
Here, the administrative law judge (“ALJ”) noted that Burgin suffers from major depression and bipolar disorder, but listed only bipolar disorder in Burgin’s combined list of impairments when determining her RFC. We are unpersuaded by the Commissioner’s argument that the ALJ’s consideration of Burgin’s bipolar disorder encompassed her depression-related symptoms, because the medical evidence in the administrative record shows that Burgin’s major depression and bipolar disorder were considered professionally as separate diagnoses, and because the ALJ’s decision includes no such finding. Thus, we conclude that the ALJ failed to include Burgin’s major depression among her combination of impairments and did not meaningfully consider how her combined mental disorders affected her social functioning, concentration, persistence, or pace, all of which were important factors in determining whether Burgin could engage in substantial gainful activity. See Assessing Residual Functional Capacity in Initial Claims, S.S.R. 96-8p, 1996 WL 374184, at *7 (July 2, 1996) (“The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence.”).
The ALJ also failed to discuss the opinion of Dr. Donovan Holder, an anesthesiologist and Burgin’s pain management specialist, when determining Burgin’s RFC. Under the relevant regulations, a treating physician’s opinion is given controlling weight when it is “well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial [record] evidence.” 20 C.F.R. § 404.1527(d)(2); see also Sehisler v. Sullivan, 3 F.3d 563, 567 (2d Cir.1993). The regulations require that the Commissioner “give good reasons in [the] notice of determination or decision” for the weight assigned to the treating source’s opinion. 20 C.F.R. § 404.1527(d)(2). The failure to provide “good reasons” for not crediting a treating source’s opinion is a ground for remand. See Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir.2004) (per curiam) (“We do not hesitate to remand when the Commissioner has not provided ‘good reasons’ for the weight given to a treating physician[’]s opinion and we will continue remanding when we encounter opinions from ALJ[s] that do not comprehensively set forth reasons for the weight assigned to a treating physician’s opinion.”); Snell v. Apfel, 177 F.3d 128, 133 (2d Cir.1999).
In determining that Burgin had the RFC to perform work at the sedentary exertional level with a “sit/stand option” and “low stress work environment,” the ALJ gave “greater weight” to the opinion of the state agency medical expert, who determined that Burgin could walk for about six hours in an eight-hour workday and sit for about six hours in an eight-hour workday. However, Burgin’s treating physician, Dr. Holder, indicated that Bur-gin could only stand or walk less than two hours per eight-hour workday and sit for less than six hours in an eight-hour workday, both of which were limitations representing the most restrictive categories that Dr. Holder could indicate on the medical report form. In response to a request for further information on Burgin’s limitations, Dr. Holder responded that “[patients] with a [history] of chronic [lower *649 back pain] and radiculopathy are unable to sit, stand or walk for long periods of times causing an [increase] in their pain [and] symptoms.” The orthopedic examination of Burgin by Dr. Berton Shayevitz similarly stated that Burgin “is markedly limited in ability to stand, walk, lift, carry, bend, twist, squat, jump, and climb by her back problem.”
In relying on the state agency medical expert’s opinion to determine Burgin’s RFC without even discussing Dr. Holder’s opinion, the ALJ did not address the inconsistency between those two opinions and therefore failed to give good reasons for according Dr. Holder’s opinion lesser weight. While the Commissioner argues that the ALJ’s consideration of Dr. Holder’s opinion can be “gleamed from the record,” and that the ALJ “implicitly accepted the findings and conclusions of Dr. Holder when assessing Burgin’s [RFC],” it is precisely this exercise that the rules do not require us to undertake. The ALJ’s consideration must be explicit in the record. Thus, we do not hesitate to conclude that the ALJ erred in failing to explain and “give good reasons” for the weight accorded Dr. Holder’s opinion.
On remand, therefore, the ALJ must expressly consider Burgin’s combined impairments, including her major depression, must fully account for the opinion of Dr. Holder, and must provide good reasons for giving that opinion more or less weight than the other medical evidence.
For the foregoing reasons, the judgment of the district court is VACATED and the case REMANDED to the district court with instructions to remand to the Commissioner for further proceedings consistent with this order.