10-575-cv
Hill v. Commissioner of Social Security

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5ᵗʰ day of April, two thousand eleven.

PRESENT: CHESTER J. STRAUB,
             ROBERT D. SACK,
             GERARD E. LYNCH,
                      *Circuit Judges.*

-------------------------------------------------------------------

MILLICENT HILL, on behalf of Justin A. Hill,
                    *Plaintiff-Appellant*,

        v.                                 No. 10-575-cv

COMMISSIONER OF SOCIAL SECURITY,
                    *Defendant-Appellee.*

-------------------------------------------------------------------

FOR APPELLANT:      Millicent Hill, pro se, Brooklyn, New York.

FOR APPELLEE:       Varuni Nelson, Kathleen A. Mahoney, David M. Eskew, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Millicent Hill, proceeding pro se, appeals the district court's judgment granting the motion of the Commissioner of Social Security ("the Commissioner") for judgment on the pleadings in Hill's action seeking judicial review of a final decision of the Commissioner. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review de novo a district court's dismissal of a suit pursuant to a motion for judgment on the pleadings. Desiano v. Warner-Lambert & Co., 467 F.3d 85, 89 (2d Cir. 2006). Doing so in this context requires us to examine the administrative record "to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir. 2002). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation marks omitted).

Hill did not oppose or otherwise respond to the Commissioner's motion for judgment on the pleadings. The "general rule [is] that an appellate court will not consider an issue raised for the first time on appeal." See Bogle-Assegai v. Connecticut, 470 F.3d 498, 504 (2d Cir. 2006). Even were we to overlook Hill's failure to present *any* arguments below, and to consider her arguments here on the merits, her appeal would still fail, because the Commissioner applied the correct legal standard in deciding to enforce the government's right to recover certain Supplemental Security Income overpayments made to Hill, and

2

because substantial evidence supports the Commissioner's decision. The overpayments in question resulted from Hill's failure to report her income to the Social Security Administration accurately. Although she insists that the oversight was an honest mistake, even an honest mistake would not relieve Hill of her obligation to return excess payments. See Barone v. Bowen, 869 F.2d 49, 51 (2d Cir. 1989). Neither the district court's decision nor the final decision of the Commissioner are undermined by Hill's conclusory assertion that the Social Security Administration is to blame for the overpayments.

Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3