10-3942-cv
Henry v. Social Security Administration

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of November, two thousand eleven.

PRESENT:
    AMALYA L. KEARSE,
    PIERRE N. LEVAL,
    DENNY CHIN,
        Circuit Judges.

- - - - - - - - - - - - - - - - -x

JOHN ARNOLD HENRY,
        Plaintiff-Appellant,

        -v.-                                10-3942-cv

SOCIAL SECURITY ADMINISTRATION,
COMMISSIONER,
        Defendant-Appellee.

- - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:         JOHN J. BALKUNAS, JR., Bauer, Gravel, Farnham, Nuovo, Parker & Lang, North Hero, Vermont.

FOR DEFENDANT-APPELLEE:          KEVIN J. DOYLE, Assistant United States Attorney (Carol L. Shea, Chief, Civil Division, on the brief), for Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, Vermont.

Appeal from the United States District Court for the District of Vermont (Conroy, M.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant John Arnold Henry appeals from the district court's July 27, 2010 judgment granting summary judgment in favor of defendant-appellee the Commissioner of Social Security (the "Commissioner") and denying Henry's request for leave to file an amended complaint. Henry sought review of the Commissioner's decision denying him back payments of disability insurance benefits pursuant to 42 U.S.C. § 405(g).

In the administrative proceedings below, an Administrative Law Judge ("ALJ") determined that Henry was disabled for a closed period beginning on December 24, 1999 and ending on September 1, 2001. The ALJ, however, concluded that Henry was not entitled to back payments for this period of disability because he had filed his application for benefits on April 26, 2005, well beyond the prescribed twelve-month period in which a claimant can file for benefits after the end of a disability. See 20 C.F.R. § 404.315(a)(3). Henry sought review by the Appeals Council of the ALJ's decision, alleging for the first time that he had been misinformed by Social Security Administration ("SSA") personnel as to when he had to file his application for benefits. The Appeals Council denied Henry's request to review the determination and informed Henry that the

-2-

ALJ's decision constituted the final decision of the Commissioner in his case.

Henry filed a complaint in the district court, seeking judicial review of the Commissioner's decision. The Commissioner brought a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), which the district court treated as a motion to dismiss for failure to state a claim under Rule 12(b)(6) and subsequently converted into a motion for summary judgment in accordance with Rule 12(d). The court granted the motion for summary judgment in favor of the Commissioner, and Henry now appeals. We assume the parties' familiarity with the underlying facts and issues on appeal.

"We review the administrative record de novo to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir. 2002) (internal citation omitted). We have conducted an independent review of the record in light of these principles. We affirm the district court's dismissal of Henry's complaint for substantially the reasons articulated by the district court. Specifically, Henry did not raise a properly supported misinformation claim before the Appeals Council because he failed to satisfy the substantive requirements of 20 C.F.R. § 404.633.

If the SSA gives a claimant "misinformation about [his or her] eligibility for . . . benefits," and that misinformation

causes the claimant to file a benefits application outside the twelve-month period noted above, the SSA may deem the application to have been filed within the requisite period, thus allowing an otherwise-qualified applicant to receive cash benefits. 20 C.F.R. § 404.633(a). A misinformation claim "must contain information that will enable [the SSA] to determine if [it] did provide misinformation to [the individual] about [his or her] eligibility for benefits." 20 C.F.R. § 404.633(f). Section 404.633(d) requires evidence that SSA personnel provided misinformation. 20 C.F.R. § 404.633(d). "Preferred evidence" includes an SSA "notice, letter or other document" or an SSA record of a "telephone call, letter or in-person contact" providing such misinformation. 20 C.F.R. § 404.633(d)(1)(i)-(ii). "Other evidence" that the SSA may consider in the absence of "preferred evidence" includes statements by the claimant as to the date and time of the alleged misinformation, how the SSA provided the information, why the claimant requested the information, who furnished the information, and any other details about the interaction in which the alleged misinformation was given. 20 C.F.R. § 404.633(d)(2). Additionally, the SSA may consider the statements of others who were present at the time of the exchange, including the SSA employee who interacted with the claimant or any witnesses on behalf of the claimant. Id. The SSA will not, however, make a finding of misinformation "based solely on [the claimant's] statements." Id.

Here, Henry failed to present a properly supported misinformation claim. Henry's allegations of misinformation, made for the first time in a letter from his attorney to the Appeals Council,[1] stated that Henry remembers calling the SSA "between April 2000 and 2 years after . . . December 24, 1999" and was told that "he could 'wait until the end of treatment/disability before filing.'" Claimant's Jan. 17, 2008 Letter to SSA at 2. Henry offers no "preferred evidence" or "other evidence" as prescribed by 20 C.F.R. § 404.633(d) in support of his claim and relies solely on unsworn allegations conveyed by his lawyer. His counsel's description of a general recollection lacking in specificity is insufficient. Consequently, Henry failed to present a properly supported misinformation claim before the Commissioner, and thus the claim fails.

We have considered appellant's other arguments on appeal, and we find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] Because Henry failed to raise this claim earlier in the administrative process, the Commissioner contends that he waived it. We need not decide whether the claim was waived because, even if Henry was allowed to raise his misinformation claim for the first time before the Appeals Council, we conclude here that he failed to satisfy the substantive requirements of 20 C.F.R. § 404.633 that the claim be properly supported.