10-4219-cv
Daniels v. Commissioner of Social Security

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand twelve.

PRESENT:
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> > *Circuit Judges*,
> LEWIS A. KAPLAN,
> > *District Judge*.*

---

Gloria Daniels, for Nathaniel Daniels,

> *Plaintiff-Appellant*,

> v.                                                      10-4219-cv

Commissioner of Social Security,

> *Defendant-Appellee*,

---

---

*Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:          Gloria Daniels, Nathaniel Daniels, *pro se*, Brooklyn, NY.

FOR APPELLEE:           Kathleen A. Mahoney, Assistant United States Attorney, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Gloria Daniels, acting for Nathaniel Daniels and proceeding *pro se*, appeals the district court's judgment granting the motion of the Commissioner of Social Security ("the Commissioner") for judgment on the pleadings in her action seeking judicial review of a final decision of the Commissioner. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's dismissal of a suit pursuant to a motion for judgment on the pleadings *de novo*. *Desiano v. Warner-Lambert & Co.*, 467 F.3d 85, 89 (2d Cir. 2006). In doing so, we apply the same standard as that applicable to a decision under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Id.* In deciding a motion under Rule 12(c), the district court may consider only the contents of the pleadings themselves, documents attached to the pleadings as exhibits or incorporated by reference, and items of which judicial notice may be taken. *See Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993). Additionally, where a document is not incorporated by reference, the district court may nevertheless consider it where the pleadings rely "heavily upon its terms and effect, thereby rendering the document integral to

2

the [pleadings]." *See DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010) (referring to the complaint) (internal quotation marks omitted).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm for substantially the same reasons stated in the district court's thorough and well-reasoned October 12, 2010 decision and order. The district court properly concluded that Gloria Daniels was not a proper party to the case and could not prosecute Nathaniel Daniels's appeal of the denial of benefits. *See Machadio v. Apfel*, 276 F.3d 103, 106 (2d Cir. 2002) (holding that an individual who is not a licensed attorney "may not appear on another person's behalf in the other's cause"). However, even if Nathaniel Daniels were substituted as the named plaintiff in the case, the record clearly reveals that the ALJ's decision was fully favorable to him because, through his representative, he knowingly stipulated to the amended disability onset date, and was not coerced or deceived into making the stipulation. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3