15-3050-cv
*Hernandez v. Commissioner*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of October, two thousand sixteen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, Jr.,
> > *Circuit Judges,*
> JED S. RAKOFF,
> > *District Judge.*\*

---

Ellis Hernandez,

> *Plaintiff-Appellant*,

> v.                                                                          15-3050

Commissioner of Social Security,
> *Defendant-Appellee*.

---

**FOR PLAINTIFF -APPELLANT:**      Ellis Hernandez, pro se, Bronx, New York.

**FOR DEFENDANT -APPELLEE:**      John E. Gura, Jr., Benjamin H. Torrance, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

---

\* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Ellis Hernandez, proceeding pro se, seeks review of the district court's judgment upholding the determination by the Commissioner of Social Security ("Commissioner") to deny his application for disability insurance benefits. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"In reviewing a district court's decision upholding a decision of the Commissioner, we 'review the administrative record de novo to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard.'" *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (quoting *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002)). The substantial evidence standard means that "once an [administrative law judge] finds facts, we can reject those facts only if a reasonable factfinder would have to conclude otherwise." *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012) (emphasis and quotation marks omitted).

Review of the record and relevant case law reveals that the administrative law judge ("ALJ") applied the correct legal standards, and that the determination that Hernandez did not qualify for disability benefits was supported by substantial evidence. ALJs "evaluate every medical opinion [] receive[d]" into the record. 20 C.F.R. § 404.1527(c). If a treating physician's conclusions are (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and (2) "not inconsistent with the other substantial evidence in [the] case record," the

ALJ will generally give those conclusions controlling weight. *Id.* § 404.1527(c)(2). The ALJ evaluates medical evidence by considering (1) the length, nature, and extent of the relationship between the claimant and the physician; (2) the supportability of the physician's opinion; (3) the consistency of the physician's opinion with the record as a whole; (4) the specialization of the physician providing the opinion; and (5) any other factor the individual applying for benefits brings to the ALJ's attention. *Id.* § 404.1527(c)(2)-(6).

Here, the ALJ properly weighed the medical evaluations, considered the reports in Hernandez's medical record, assessed the consistency of these reports with the other medical evidence, and determined that Hernandez was capable of performing jobs existing within the national and local economies. That decision was supported by substantial evidence in Hernandez's medical records and in the medical opinions and vocational expert testimony that the ALJ evaluated.

Hernandez's claim that the district court made errors in its recitation of certain non-essential facts does not merit remand. Our de novo review confirms that the ALJ's decision did not make these errors, and, in any case, the substance of the ALJ's decision was not dependent on any of the errors Hernandez cited.

We have considered all of Hernandez's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3