**Wanda I. ROMAN, Plaintiff,**

v.

**Carolyn W. COLVIN, Acting Commissioner of Social Security, Defendant.**

6:16–CV–06077–DGL

United States District Court, W.D. New York.

Signed 10/05/2017

Justin M. Goldstein, Kenneth R. Hiller, Law Offices of Kenneth Hiller, PPLC, Amherst, NY, for Plaintiff.

Vernon Norwood, Social Security Administration Office of General Counsel, New York, NY, Kathryn L. Smith, U.S. Attorney's Office, Rochester, NY, for Defendant.

## DECISION AND ORDER

DAVID G. LARIMER, United States District Judge

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

On January 17, 2013, plaintiff filed an application for a period of disability and disability insurance benefits, alleging an inability to work since July 20, 2011. (Dkt # 8 at 126–27).[1] Her application was initially denied. Plaintiff requested a hearing, which was held on July 31, 2014 before Administrative Law Judge ("ALJ") Joseph J. Brinkley. (Dkt. # 8 at 24). The ALJ issued a decision on August 29, 2014, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. # 8 at 9–12). That decision became the final decision of the Commissioner when the Appeals Council denied review on December 16, 2015. (Dkt. # 8 at 1–3). Plaintiff now appeals.

The plaintiff has moved (Dkt. # 9), and the Commissioner has cross moved (Dkt.

# 11), for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the Commissioner's cross motion (Dkt. # 11) is granted, plaintiff's motion (Dkt. # 9) is denied, and the complaint is dismissed.

## DISCUSSION

### I. Relevant Standards

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation. See Bowen v. City of New York, 476 U.S. 467, 470–71, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). See 20 CFR §§ 404.1509, 404.1520. If the ALJ concludes that the claimant is not engaged in substantial gainful employment and suffers from a severe impairment, the ALJ examines whether the claimant's impairment meets or equals the criteria of those listed in Appendix 1 of Subpart P of Regulation No. 4. If the impairment does, and has continued for the required duration, the claimant is disabled. If not, analysis proceeds and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. See 20 CFR § 404.1520(e), (f). If the claimant's RFC permits him to perform relevant jobs he has done in the past, he is not disabled. If not, analysis proceeds to the final step, and the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his age, education, and work experience. See Rosa v. Calla-

---

1. References to page numbers in the Administrative Transcript (Dkt. # 8) refer to the internal Bates-stamped numbers assigned by the parties.

*han,* 168 F.3d 72, 77 (2d Cir. 1999) (*quoting Bapp v. Bowen,* 802 F.2d 601, 604 (2d Cir. 1986)). See also 20 CFR § 404.1560(c).

▮ The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel,* 276 F.3d 103, 108 (2d Cir. 2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (*quoting Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.' " *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1998) (*quoting Quinones v. Chater,* 117 F.3d 29, 33 (2d Cir. 1997)). Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel,* 198 F.3d 45, 52 (2d Cir. 1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart,* 312 F.3d 578, 586 (2d Cir. 2002).

## II. The ALJ's Decision

The ALJ found that plaintiff had severe impairments consisting of arthritis, diabetes mellitus, diabetic neuropathy, menorrhagia, endometrial hyperplasia, status-post D & C procedure, bundle branch block, hypertension, hypercholesterolemia,

and obesity, which did not meet or equal a listed impairment. (Dkt. # 8 at 14). The ALJ then determined that plaintiff retained the RFC to perform light work, with the following limitations; can occasionally use the upper extremities to pull, push, and reach overhead bilaterally; can frequently handle, grasp, finger, and feel with the upper extremities; can occasionally kneel, squat, bend, and climb stairs or ramps; can never crawl or climb ladders, ropes, or scaffolds; and must avoid extreme hot and cold temperatures, vibrations, and work hazards such as unprotected heights and dangerous machinery. (Dkt. # 8 at 15). When presented with this RFC and considering plaintiff's age, education, and work experience, vocational expert Joyce Ryan testified that plaintiff could perform the positions of companion, cashier, and rental storage clerk, jobs that exist in significant numbers in the national economy. (Dkt. # 8 at 19–20). Thus, the ALJ found that plaintiff had not been disabled under the Social Security Act from July 20, 2011, through the date of his decision. (Dkt. # 8 at 20).

## III. The ALJ's RFC Finding is Supported by Substantial Evidence

▮ Plaintiff initially argues that the ALJ's RFC finding is unsupported by substantial evidence and is inconsistent with the legal standards. Specifically, plaintiff contends that the ALJ erroneously relied on his interpretation of the "raw medical data" contained in the treatment notes of plaintiff's treating physicians, mistakenly afforded only some weight to the consulting examiner's findings when it was the only medical opinion of record, and inappropriately relied on the single decision maker's ("SDM") opinion.[2] (Dkt. # 9–1 at

---

**2.** A single decision-maker is a non-medical professional, empowered by the Social Security Administration to make certain initial

RFC assessments and disability determinations without a medical or psychological consultant's signature.

9–19). However, the ALJ's RFC finding is consistent with the medical evidence of record, and upon a full review of the record, I believe that the ALJ applied the correct legal standards.

■ While plaintiff asserts that the ALJ breached his duty to develop the record fully by failing to obtain more information from plaintiff's treating physicians, and thus inappropriately relied on his own interpretation of the "raw medical data" (Dkt. # 9–1 at 10), "an ALJ does not have an affirmative duty to expand the record ad infinitum. Instead, he or she must only develop it when there are gaps in the record, or when the record serves as an inadequate basis on which to render a decision." *Walker v. Astrue*, 2012 U.S. Dist. LEXIS 138472 at *9 (W.D.N.Y.2012). Here, the record documents a consistent and largely unremarkable course of longitudinal and comprehensive treatment, which, along with the results of objective medical tests, provided a complete picture of plaintiff's physical condition.

Although plaintiff's treating physicians provided no formal RFC assessment, their treatment notes do not indicate that plaintiff had any functional limitations that would prevent her from performing substantially all of the requirements of light work. Further, physical examinations performed by plaintiff's treating physician, Dr. Teresa J. Chang, a family physician, as well as plaintiff's treating physicians at the Clinton Family Health Center, Dr. Andrew Tzellas and Dr. Marino D. Tavarez, were consistently and largely unremarkable throughout the relevant time frame and do not support the extent of plaintiff's alleged pain and disability. (Dkt. # 8 at 202–03, 208, 210, 212–14, 216, 228–29, 265, 293, 308, 322–23, 336, 350). *See Dumas v. Schweiker*, 712 F.2d 1545, 1553 (2d Cir. 1983) ("The Secretary is entitled to rely not only on what the record says, but also on what it does not say."). For example, objective physical examinations of plaintiff's musculoskeletal system routinely indicated that plaintiff had a normal range of motion, and exhibited no tenderness, swelling, or edema. (Dkt. # 8 at 203, 229, 265, 293, 308, 336, 350). The ALJ gave great weight to Dr. Chang's opinion, as it was consistent with plaintiff's longitudinal medical record. (Dkt. # 8 at 16).

Plaintiff further contends that the ALJ did not give enough weight to the consulting examination performed by Dr. Harbinder Toor in February 2013, which found that plaintiff had moderate to severe limitations with respect to standing, walking, squatting, bending, and lifting; was moderately limited in sitting for long periods of time; would experience interference with her physical routine and balance due to pain; and was moderately limited in grasping, holding, and other manipulative functions. (Dkt. # 8 at 253–54).

Upon examination, Dr. Toor found that plaintiff had an abnormal gait, limping to the left side, difficulty getting out of the chair, as well as on and off the examination table, decreased bilateral grip strength, and tenderness in the finger joints. However, plaintiff declined both heel to toe walking and squatting, had normal station, used no assistance device, and needed no help changing for the exam. Plaintiff also had some decreased range of motion in the thoracic and lumbar spine, but had full movement in the cervical spine, and no pain, spasm, or trigger points in the cervical spine. (Dkt. # 8 at 252–53).

Further, plaintiff had full range of motion and strength in her upper extremities, with no muscle atrophy or sensory abnormalities. While plaintiff had some decreased range of motion in the left knee, tenderness in both knees, and tenderness in the hips, she had full range of motion in her hips, right knee, and ankles. Plaintiff

had no muscle atrophy, and no joint inflammation or instability in her lower extremities. (Dkt. # 8 at 252–53). The ALJ gave some weight to Dr. Toor's opinion to the extent that it was consistent with his objective examination findings. However, the ALJ declined to give Dr. Toor's opinion more weight because the magnitude of the limitations he assessed was inconsistent with his objective findings, as well as with the other objective medical evidence of record. (Dkt. # 8 at 17).

For example, Dr. Toor stated that plaintiff had a moderate to severe limitation in standing, walking, squatting, bending, and lifting despite his findings that plaintiff had full range of motion and strength in her upper extremities, full range of motion in her hips, right knee, and ankles, no muscle atrophy, no joint inflammation or instability in her lower extremities, a negative x-ray on her left hand, and an x-ray of her lumbar spine that revealed mild straightening but was otherwise unremarkable. (Dkt. # 8 at 252–55).

Plaintiff's longitudinal medical record and the records of her treating physicians, which were consistently and largely unremarkable, also do not support, and occasionally contradict, Dr. Toor's findings. Although Dr. Toor noted that plaintiff had an abnormal gait, limping to the left side, a physical examination performed by plaintiff's attending physician, Dr. Andrew Tzellas, eight days prior stated that plaintiff's gait was normal, as did a physical examination performed by plaintiff's attending physician, Dr. Pierre Jean Charles, a little over a year later. *Compare* Dkt. # 8 at 252 *with* Dkt. # 8 at 265, 336. Further, eight days prior to Dr. Toor's examination plaintiff presented to her treating physician complaining of pain in her hands, knee, and lower back, although there was no swelling or redness in her joints on examination. (Dkt. # 8 at 267).

Plaintiff's treating physician recommended only conservative treatment to address plaintiff's complaints of pain: Tylenol, stretches, exercises, and weight loss. (Dkt. # 8 at 267).

Finally, while the ALJ accounted for the SDM's functional assessment in determining plaintiff's RFC, the ALJ properly noted that she was not an acceptable medical source for purposes of weighing her opinion. (Dkt. # 8 at 18). The ALJ did consider the SDM's evaluation in assessing the severity of plaintiff's alleged conditions (*id.*), but did not adopt it *in toto*, but rather considered it along with the other evidence of record, including plaintiff's treatment notes and other medical records (Dkt. # 9–1 at 19). In fact, several of the restrictions contained in plaintiff's RFC are greater than those indicated in the SDM's report. (Dkt. # 11–1 at 14; Dkt. # 8 at 15, 59–60). Additionally, the ALJ explicitly stated that he was accounting for the effects of plaintiff's obesity when he reduced her RFC to a light exertional level pursuant to Social Security Ruling 02–01p. (Dkt. # 8 at 17).

Accordingly, the ALJ's finding that plaintiff had the RFC to perform a limited range of light work is supported by substantial evidence in the record.

## IV. The ALJ Correctly Assessed Plaintiff's Credibility

■ Plaintiff also maintains that the ALJ's credibility determination is not supported by substantial evidence. Having reviewed the record, I find there is substantial evidence to support the ALJ's finding that plaintiff's subjective reports of her functional limitations were not fully credible.

■ An ALJ "may discount plaintiff's testimony to the extent that it is inconsistent with medical evidence, the lack of medical treatment, and [claimant's] own

activities during the relevant period." *Lovell v. Colvin*, 137 F.Supp.3d 347 (W.D.N.Y. 2015) (quoting *Wischoff v. Astrue*, 2010 WL 1543849, at *7, 2010 U.S. Dist. LEXIS 37961, at *17 (W.D.N.Y. Apr. 16, 2010)). Plaintiff's statements regarding the intensity and limiting effects of her symptoms are inconsistent with her prior statements, her actions, and the medical evidence in the record.

As the ALJ noted (Dkt. # 8 at 18), plaintiff stated during her consultative examination with Dr. Toor that she did not cook, clean, do laundry, shop, or perform childcare, but she did socialize with friends, engage in personal care daily with help, and "goes out." (Dkt. # 8 at 252). However, two weeks earlier plaintiff had indicated on her daily living questionnaire that she took care of her children, prepared meals with help, did laundry, did light housework, and grocery shopped (Dkt. # 8 at157, 159–60). Plaintiff's claims of disabling symptoms were also inconsistent with the objective medical record: plaintiff's treating physicians noted no functional limitations or remarkable physical examination findings. (Dkt. # 8 at 202–03, 208, 210, 212–14, 216, 228–29, 265, 293, 308, 322–23, 336, 350). Further, plaintiff never sought or was prescribed the care of a specialist for her back pain and was only prescribed a conservative regimen of Tylenol, stretches, and exercise. (Dkt. # 8 at 267).

Because plaintiff's hearing testimony conflicted with other evidence of record, including prior statements by plaintiff concerning her activities of daily living, and her medical treatment records, the ALJ did not abuse his discretion in determining that plaintiff's testimony as to the extent of her symptoms was not entirely credible.

## CONCLUSION

For the foregoing reasons, the Commissioner's cross motion for judgment on the pleadings (Dkt. # 11) is granted, and plaintiff's motion for judgment on the pleadings (Dkt. # 9) is denied. The Commissioner's decision that plaintiff, Wanda I. Roman, was not disabled, is in all respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.