**Patricia MACHADIO, Plaintiff–Appellant,**

v.

**Kenneth S. APFEL, Commissioner Of Social Security, Defendant–Appellee.**

**Docket No. 01–6093.**

United States Court of Appeals, Second Circuit.

Argued Nov. 2, 2001.

Decided Jan. 2, 2002.

Patricia Machadio, Brooklyn, New York, Pro Se.

Philip J. Miller, (Varuni Nelson, Kathleen A. Mahoney), Assistant United States Attorneys, for Alan Vinegrad, United States Attorney, Eastern District of New York, for Appellee Kenneth S. Apfel.

Before WALKER, Chief Judge,
POOLER, KATZMANN, Circuit Judges.

KATZMANN, Circuit Judge.

Patricia Machadio, *pro se*, appeals from a judgment of the United States District Court for the Eastern District of New York (Eugene H. Nickerson, *J.*) affirming the Commissioner of Social Security's (the "Commissioner") denial of the application for Supplemental Security Income ("SSI") benefits she filed on behalf of her minor child, Charlene Machadio ("Charlene"). The district court denied the plaintiff's motion for appointment of counsel but allowed the plaintiff, who is not an attorney, to proceed in this action on behalf of her child without representation. Thus, this case presents the issue of whether a non-attorney parent may bring a *pro se* action on behalf of her child appealing an administrative denial of disability benefits.

We find that she may do so under certain circumstances, and also affirm the district court's order affirming the denial of benefits.

## BACKGROUND

On April 29, 1996, the plaintiff filed an application for SSI benefits on behalf of Charlene, who was eleven at the time. The basis for the application was that Charlene was disabled due to scoliosis. The application was denied initially as was the plaintiff's motion for reconsideration. After a hearing, an administrative law judge found that Charlene was not disabled in a decision dated February 27, 1998. The Appeals Council denied the plaintiff's request for review on November 3, 1998.

The plaintiff filed this action in her own name on December 10, 1998. The Commissioner moved for judgment on the pleadings on October 7, 1999, and simultaneously notified the district court of precedent indicating that the plaintiff, who is a non-attorney, could not bring this action on behalf of Charlene without counsel. The plaintiff requested that the district court appoint counsel on December 6, 1999. On September 20, 2000, the district court denied the plaintiff's request to appoint counsel but held that the plaintiff could proceed in the action without counsel. The district court granted the Commissioner's motion for judgment on the pleadings and upheld the Commissioner's denial of SSI benefits by memorandum and order dated March 29, 2001. This appeal followed.

## DISCUSSION

### I.

■ Initially, we must consider whether the district court erred by allowing the

plaintiff to pursue this action on behalf of her child without representation by counsel. *See Wenger v. Canastota Cent. Sch. Dist.*, 146 F.3d 123, 125 (2d Cir.1998)(reviewing non-attorney's representation of child *sua sponte* ).

Litigants in federal court have a statutory right to choose to act as their own counsel. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel...."). However, an individual who is not licensed as an attorney "may not appear on another person's behalf in the other's cause." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *see also Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). We have specifically held that a "non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir.1990). In reaching this conclusion, we reasoned that non-attorney parents are not trained to represent competently the interests of their children in "claims that require adjudication," and that minors "are entitled to trained legal assistance so their rights may be fully protected." *Id.*

In determining whether a non-attorney individual is attempting to bring an action on behalf of another, the "threshold question" is "whether a given matter is plaintiff's own case or one that belongs to another." *Iannaccone*, 142 F.3d at 558 (citing *Phillips v. Tobin*, 548 F.2d 408, 411 (2d Cir.1976)). In *Iannaccone*, we considered whether a *pro se* plaintiff who was the administrator of his father's estate could bring an action on behalf of the estate. We held that the plaintiff in *Iannaccone* could not bring an action litigating an interest specific to the estate when "the personal interests of the estate, other survivors, and possible creditors ... will be affected by the outcome of the proceedings." *Iannaccone*, 142 F.3d at 559. On the other hand, we held that the plaintiff in *Iannaccone* could bring an action to recover social security benefits for which he was the only claimant because in that case it was "plaintiff's own interest being litigated...." *Iannaccone*, 142 F.3d at 560.

This case lies somewhere in between the two actions in *Iannaccone*. While this is not a case where only the plaintiff's interest is at stake, neither is it one affecting the interests of multiple parties with different interests. Under the Commissioner's regulations, the interests of the plaintiff and Charlene are closely intertwined. Generally, when an individual entitled to SSI benefits is under the age of 18, the Commissioner pays benefits to a "representative payee." 20 C.F.R. § 416.610(b). The Commissioner's preferred choice of the "representative payee" is the "natural or adoptive parent who has custody of the beneficiary...." *Id.* at § 416.621(b)(1). Among other responsibilities, the "representative payee" must "[u]se the payments he or she receives only for the use and benefit of the beneficiary in a manner and for the purposes he or she determines, under the guidelines in this subpart, to be in the best interests of the beneficiary...." *Id.* at § 416.635(a). As a natural parent with custody of Charlene, the plaintiff would likely be Charlene's "representative payee" and receive any SSI benefits to which Charlene is entitled.

While any such payments would ultimately be used for Charlene's benefit, the plaintiff has a significant stake in the outcome of the litigation because Charlene's qualification for disability benefits will affect the plaintiff's responsibility for the expenses associated with Charlene's condition. *See Harris v. Apfel*, 209 F.3d 413,

416–17 (5th Cir.2000). As Charlene's parent, the plaintiff is currently responsible for the costs of Charlene's alleged disability. If Charlene qualifies for disability benefits, then the federal government will assume some of the costs associated with Charlene's condition, freeing the plaintiff's limited resources for other living expenses. Therefore, while it is Charlene's condition that determines whether the government will pay benefits, this also is a case where the plaintiff's interest is squarely at stake.

It is useful to note that non-attorney parents may represent their children in administrative proceedings before the Commissioner. The Commissioner is authorized by statute to "prescribe rules and regulations governing the recognition of agents or other persons, other than attorneys as hereinafter provided, representing claimants before the Commissioner of Social Security...." 42 U.S.C. § 406. Under the promulgated regulations, a claimant may be represented by an attorney or "any person who is not an attorney" before the Commissioner who:

(1) Is generally known to have a good character and reputation;

(2) Is capable of giving valuable help ... in connection with [the claimant's] claim;

(3) Is not disqualified or suspended from acting as a representative in dealing with [the Commissioner]; and

(4) Is not prohibited by any law from acting as a representative.

20 C.F.R. § 416.1505(b). The representative has the power to obtain information, submit evidence, make statements about facts and law, and make any request in the proceedings before the Commissioner. *Id.* at § 416.1510(a). While we have acknowledged that section 406 does not authorize non-attorney representation of claimants in federal court, *Iannaccone*, 142 F.3d at 558–59, we are informed by both Congress's judgment as indicated in section 406 and the Commissioner's implementing regulations, that non-attorneys who meet the standards of 20 C.F.R. § 416.1505 have the basic competence needed to represent claimants in proceedings involving the denial of SSI benefits—apparently reflecting a view that such proceedings do not necessarily present the complexities present in other kinds of actions.

Where a district court, after appropriate inquiry into the particular circumstances of the matter at hand, determines that a non-attorney parent who brings an SSI appeal on behalf his or her children has a sufficient interest in the case and meets basic standards of competence, we hold that in such cases a non-attorney parent may bring an action on behalf of his or her child without representation by an attorney. We therefore reject the view that when the SSI claim is insubstantial and counsel is not appointed, the SSI appeal must be dismissed or the non-attorney parent must hire legal counsel. *See, e.g., Rosario v. Apfel,* No. 96 Civ. 1227, 1998 WL 685173, at *2 (S.D.N.Y. Sept.30, 1998). Such a position would unfairly penalize the children seeking SSI benefits because their parents will rarely be able to hire counsel due to the stringent family income limitations to which the award of SSI benefits are subject. *See* 42 U.S.C. §§ 1382 and 1382c(f)(2)(A).

■■■ We emphasize that district courts should not automatically refuse to appoint counsel simply because non-attorney parents may proceed on their own in SSI cases. We have held that in determining whether to appoint counsel for an indigent litigant a district court judge should first consider "whether the indigent's position seems likely to be of substance," then assess the litigant's competence to proceed *pro se*, the complexity of the issues, and additionally "any special

reason in that case why appointment of counsel would be more likely to lead to a just determination." *Wenger*, 146 F.3d at 125 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir.1986)). In those cases where the claimant's position seems likely to be of substance, the district court must undertake a searching examination into the claimant's competence, and assure itself of that competence. Even after an initial denial of the motion to appoint counsel, district courts should continually assess whether counsel should be appointed because the need for the appointment of counsel may not have become apparent at the time of the initial denial of the motion to appoint counsel. There will be cases where, for example, the issues are sufficiently significant or complex so that a non-attorney parent will not be able to proceed without compromising the rights of his or her child. The approach of the district court in the case before us is instructive. While Judge Nickerson initially denied the plaintiff's motion for appointment of counsel, he noted that he would appoint counsel if it became apparent that "as the case progresses that Patricia Machadio needs help to protect her daughter's rights. . . ." That course is in keeping with the view that district courts should not rely on the fact that non-attorney parents may proceed on behalf of their children in SSI cases to treat those cases less favorably when deciding whether to appoint counsel. Certainly, where the district court harbors any doubt about the abilities of the non-attorney parent in a matter involving a substantial claim, counsel should be appointed. Under the law, children—society's future—deserve no less.[1]

In this case, it is clear from the record that the plaintiff met the basic standard of competency needed to proceed in an action on behalf of Charlene. The plaintiff represented her child in the administrative proceedings before the Commissioner. There is nothing in the record to indicate that there was any substantial change in the plaintiff's ability to represent her child in these proceedings between the time of the administrative proceedings and this appeal. Therefore, the district court did not err in allowing the plaintiff to proceed in this action on behalf of her child.

## II.

We review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard. *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir.2000). In determining whether Charlene was disabled pursuant to 42 U.S.C. § 1382c(a)(3)(C), the Commissioner applied the proper implementing regulations, which require that if a child's impairment does not meet the requirements of a listed impairment, the Commissioner will assess the functional limitations caused by the child's impairments to assess whether the impairments are equivalent to the listed impairment. 20 C.F.R. § 416.926a(a).

---

1. The provision of legal counsel will depend on the continuing efforts, among others, of members of the relevant bar, legal services organizations, law firm *pro bono* services, and the court. We are aware of some of the stated impediments to the delivery of legal services in children SSI cases. For example, potential contingent fees are small and attorneys "cannot be assured payment because the SSA does not automatically withhold a portion of a successful claimant's retroactive benefits for attorneys' fees." *Maldonado v. Apfel*, 55 F.Supp.2d 296, 307 n. 13 (S.D.N.Y.1999). Mindful of such problems, we do not believe that they should be permanent barriers to legal aid. Rather, they should be a spur to take steps to improve the effective administration of justice.

The Commissioner's finding that Charlene's scoliosis was not severe enough to meet the requirements of a listed impairment is supported by substantial evidence in the administrative record. Moreover, the Commissioner's subsequent finding that Charlene's functional limitations were not equivalent to a listed impairment is also supported by substantial evidence. Therefore, we affirm the district court's order affirming the denial of benefits.