**Kathryn L. RATLIFF, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.**

No. 03–6151.

United States Court of Appeals, Second Circuit.

March 18, 2004.

Eugene Faughnan, Hinman, Howard & Kattell, LLP, Binghamton, NY, for Appellant.

Karen G. Fiszer, Assistant Regional Counsel (Barbara L. Spivak, Chief Counsel, Region II, and Lisa de Soto, General Counsel to the Social Security Administration, on the brief), New York, NY, for Appellee.

PRESENT: SOTOMAYOR, KATZMANN, and KEITH,\* Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Kathryn L. Ratliff ("Ratliff") filed a claim for Social Security disability insurance benefits in 1997. After a hearing at which plaintiff appeared with counsel, the Administrative Law Judge ("ALJ") found that plaintiff was not disabled because she did not have any "severe" impairment that lasted the requisite 12–month period prior to December

---

\* The Honorable Damon J. Keith, Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

31, 1991, her last insured date. In the alternative, the ALJ found that Ratliff was not entitled to benefits because she retained the residual functional capacity for work at the light exertional level. After the Appeals Council denied Ratliff's request for review, she filed a petition for review in the district court, which held that the Commissioner's decision was supported by substantial evidence. This appeal followed.

On appeal from the district court's review of the Commissioner's decision, "[w]e review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Machadio v. Apfel,* 276 F.3d 103, 108 (2d Cir.2002). We may reverse a denial of benefits only if we find upon a plenary review of the record that the determination below is not supported by substantial evidence. *See Havas v. Bowen,* 804 F.2d 783, 785 (2d Cir.1986); 42 U.S.C. § 405(g).

■ Ratliff first argues that the ALJ improperly discounted the opinion of her treating physician, Dr. Mark Adelson. Although the ALJ is normally obligated to give the treating physician's opinion controlling weight, where that opinion is not supported by medical evidence or is contradicted by other substantial evidence in the record, the ALJ is entitled to use discretion in weighing the medical evidence as a whole. *See Kamerling v. Massanari,* 295 F.3d 206, 209 & n. 5 (2d Cir. 2002). Here, the ALJ was justified in discounting Dr. Adelson's opinion. Dr.

Adelson diagnosed Ratliff as suffering from left leg edema in 1987, but did not see Ratliff again until 1995, well after the end of Ratliff's insured period. Only in 1997 did Dr. Adelson opine that Ratliff's condition limited her ability to stand, walk and move. Given that this opinion was based solely on Ratliff's representations rather than Dr. Adelson's first-hand observations, and in any event provides no evidence as to Ratliff's condition in 1991, the ALJ was correct in not giving Adelson's opinion controlling weight.

■ Ratliff next argues that, taking the medical record as a whole, there is no substantial medical evidence to support the ALJ's conclusion that Ratliff did not suffer from a severe impairment prior to December 1991. We disagree. Although Ratliff complained of left leg edema as early as 1987, there is no indication that her condition was severe, and Dr. Adelson prescribed only conservative treatment measures, including wearing support hose and avoiding excess salt. Plaintiff did not seek further treatment until 1994 and at that point indicated that the swelling had worsened recently, suggesting that the seven-year gap in her treatment was due to the fact that her condition was not severe. Moreover, Ratliff's treatment records from the period between 1994 and 1998 provide no evidence that she was severely impaired in 1991. The ALJ's determination was therefore supported by substantial evidence.[2]

Because we find that the ALJ's determination that Ratliff did not have a severe

---

2. Ratliff also argues that the Commissioner bears the burden of establishing that Ratliff's condition improved since her last insured date. This argument is misplaced, however, because the "medical improvement" standard does not apply unless a claimant has been previously adjudged disabled, and the Commissioner seeks subsequently to terminate

benefits. *See De Leon v. Sec'y of Health and Human Servs.,* 734 F.2d 930, 937 (2d Cir. 1984). Ratliff had the burden of proving that her post-coverage period medical evidence suggests that her disability existed prior to the expiration of coverage, *see Shaw v. Chater,* 221 F.3d 126, 133 (2d Cir.2000), and she did not meet that burden.

impairment prior to December 31, 1991, was supported by substantial evidence, we need not reach Ratliff's remaining arguments with respect to the ALJ's alternative holding.

For the foregoing reasons, the judgment of the district court is AFFIRMED.