**Kathy WOOLF, for self and on behalf of Taylor J. Woolf, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 08–1063–cr.

United States Court of Appeals, Second Circuit.

Jan. 20, 2009.

Stephen W. Gebo, Conboy, McKay, Bachman & Kendall, LLP, Watertown, NY, for Plaintiff–Appellant.

Arthur Swerdloff, Special Assistant United States Attorney (Barbara L. Spivak, Chief Counsel—Region II, Office of the General Counsel, Social Security Administration, of counsel), for Glenn T. Suddaby, United States Attorney for the Northern District of New York, Syracuse, NY, for Defendant–Appellee.

PRESENT: PIERRE N. LEVAL, JOSÉ A. CABRANES, and DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Kathy Woolf appeals from a January 30, 2008 judgment entered by the District Court, affirming the denial of her application for child's insurance benefits for her son and mother's insurance benefits for herself by the Commissioner of the Social Security Administration ("Commissioner"), following the death of her husband, pursuant to 42 U.S.C. § 402(d) and (g). We assume the parties' familiarity with the underlying factual and procedural history of the case, though we revisit key portions of that history here.

Plaintiff gave birth to a son, Taylor, out of wedlock in June 1992. Taylor's biological father has never paid any child support, and has had no contact with him since 1995. Plaintiff began living with Jay Woolf in 1993, and they were married in September 1994. Though Mr. Woolf did not adopt Taylor, Taylor's last name was legally changed to Woolf in 1995 and, according to plaintiff, Taylor grew up referring to Mr. Woolf as "daddy."

In October 2002, plaintiff and Mr. Woolf separated. Plaintiff claims that shortly after their separation, she and Mr. Woolf agreed that he would pay $2,000 per month in support. Once the agreement was drafted, however, Mr. Woolf declined to sign it, although plaintiff claims this is because he found portions of the arrangement to be ambiguous or incomplete.

On October 17, 2002, Mr. Woolf filed a complaint for divorce. Mr. Woolf's complaint alleged that plaintiff had conducted two marital affairs—including one at the time of their separation—and that plaintiff had "forced" him out of their home so that "she could spend more time with her boyfriend." J.A. 65. Mr. Woolf further stat-

ed in the complaint that there were no children born of the marriage. In a letter dated October 29, 2002, Mr. Woolf's counsel wrote to plaintiff's counsel, stating that as plaintiff was "exclusively occupying the marital residence[,] she should be responsible for the payment of all expenses and debts related thereto." *Id.* at 71. Additionally, in a statement of net worth that he filed on November 12, 2002, Mr. Woolf stated that he had no dependent children and that he was paying no child or spousal support. Mr. Woolf died unexpectedly on November 16, 2002, before the divorce was final and before there were any final judicial decisions regarding support.

In December 2002, plaintiff applied for child's insurance benefits for Taylor and mother's insurance benefits for herself, pursuant to the Social Security Act. Specifically, 42 U.S.C. § 402(d)(1) provides that any child "of an individual who dies a fully or currently insured individual" will receive child's insurance benefits if, *inter alia,* the child was dependent upon the insured at the time of the insured's death. *Id.* A stepchild may also be eligible for child's benefits, *see* 20 C.F.R. § 404.357, but a stepchild is only considered "dependent" upon the insured if he was receiving at least one half of his support from the insured when the application for benefits was made or when the insured died, *see* 20 C.F.R. § 404.363. Moreover, the regulations state that "[t]he insured is not providing at least one-half [of the child's] support unless he or she has done so for a reasonable period of time," which is generally defined as the twelve month period "immediately preceding the time when the one-half support requirement must be met." 20 C.F.R. § 404.366(b). However, if the insured "stops providing at least one-half of [the child's] support on a permanent basis," then the time from the change in support until, in this case, the insured's death will be considered in deter-

mining dependency. 20 C.F.R. § 404.366(b)(1). Additionally, a person may be entitled to mother's or father's insurance benefits if, *inter alia,* she or he has a child who is entitled to child's benefits. *See* 42 U.S.C. § 402(g)(1).

Plaintiff's application for child's insurance benefits for Taylor and for mother's insurance benefits for herself was denied by the Social Security Administration on January 4, 2003, and then again on reconsideration on May 4, 2003. At plaintiff's request, a hearing was conducted on May 17, 2004 before an Administrative Law Judge ("ALJ"), during which plaintiff, who was represented by counsel, testified on her own behalf. Following the hearing, the ALJ issued a decision dated June 24, 2004, in which he determined that although Taylor fell within the regulation's definition of "stepchild," he still did not qualify for benefits because he was not receiving at least one-half of his support from Mr. Woolf from the time plaintiff and Mr. Woolf separated and began divorce proceedings to the time of Mr. Woolf's death. Because the ALJ determined that Taylor was not entitled to child's insurance benefits, he concluded that plaintiff's derivative claim for mother's insurance benefits necessarily failed as well. The ALJ's opinion became a final determination of the agency on July 1, 2005, when the Social Security Administration Appeals Council denied plaintiff's request for review of that decision.

Plaintiff commenced the current action in July 2005. The case was referred to Magistrate Judge David Peebles, who issued a November 30, 2007 Report and Recommendation, in which he recommended affirming the determination of the Commissioner, based on his own determination that the ALJ's finding that Taylor was not dependent on Mr. Woolf from October 2002 to the time of his death was

both "compliant with controlling legal principles" and "supported by substantial evidence." J.A. 37. The District Court adopted the Report and Recommendation in its entirety and affirmed the denial of benefits. Plaintiff filed a timely appeal.

Plaintiff argues on appeal that the ALJ erred in not determining whether the change in Taylor's support was, indeed, permanent, and further states that, despite the divorce proceedings and Mr. Woolf's statements about stopping support, there is not substantial evidence justifying a finding of a permanent change in support. In the alternative, plaintiff argues that Mr. Woolf was still providing one-half support to Taylor after the separation, in light of the facts that Taylor was living in a house owned by Mr. Woolf and that Taylor's expenses were being furnished from a bank account that was originally the joint account of plaintiff and Mr. Woolf, approximately seventy-five to eighty percent of which was Mr. Woolf's contribution.

On appeal from a district court's review of a determination by the Commissioner, "[w]e review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Machadio v. Apfel,* 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

Substantially for the reasons stated in the November 30, 2007 Report and Recommendation of Magistrate Judge Peebles, adopted upon a *de novo* review by the

District Court on January 30, 2008, we conclude that the ALJ's determination that Taylor was not dependent on Mr. Woolf from October 2002 to the time of his death (1) was made in accordance with the applicable legal standards, including 20 C.F.R. § 404.366(b)(1), and (2) is supported by substantial evidence. Accordingly, the District Court's judgment affirming the denial of plaintiff's application for benefits is affirmed.

### CONCLUSION

For the reasons stated above, the judgment of the District Court is **AFFIRMED.**