563 F.3d 15 (2009)
Paul POUPORE, Plaintiff-Appellant,
v.
Michael J. ASTRUE, Commissioner of Social Security, Defendant-Appellee.
Docket No. 08-0659-cv.
United States Court of Appeals, Second Circuit.
Argued: February 5, 2009.
Decided: April 16, 2009.
*17 Mark Schneider, Plattsburgh, NY, for Plaintiff-Appellant.
Arthur Swerdloff, Special Assistant United States Attorney (Barbara L. Spivak, Chief CounselRegion II, Office of the General Counsel, Social Security Administration, of counsel), for Glenn T. Suddaby, United States Attorney for the Northern District of New York, name of firm, City, State (Names of other counsel on the brief or of counsel, name of firm, city, state), for Defendant-Appellee.
Before: WESLEY and LIVINGSTON, Circuit Judges, and RESTANI, Judge[*].
PER CURIAM:
Plaintiff-Appellant Paul Poupore appeals from a judgment entered on January 25, 2008, in the United States District Court for the Northern District of New York (Peebles, M.J.), affirming the decision of the Commissioner of Social Security ("Commissioner") denying Poupore's claim for disability insurance benefits under the Social Security Act.
When a district court has reviewed a determination of the Commissioner, "[w]e review the administrative record de novo to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938).
Poupore argues, relying on the standard set forth in Curry v. Apfel, 209 F.3d 117, 122-23 (2d Cir.2000), that the Commissioner failed to meet his burden of proving that Poupore retained the residual functional capacity to perform light work, and that such work was available in the national economy, because the Administrative Law Judge ("ALJ") erred in (1) concluding that Poupore had the residual functional capacity to perform light and sedentary *18 work; (2) failing to give adequate weight to the testimony of his treating physician; and (3) finding Poupore's claims of subjective pain to be less than fully credible.
First, we find that substantial evidence supports the ALJ's determination that Poupore is not entitled to disability benefits because he retained the ability to perform light work. The full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday, with sitting occurring intermittently during the remaining time. A person who is deemed able to perform light work is also capable of doing sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404.1567(b). The ALJ's finding that Poupore is capable of performing light work is supported by the reports of Dr. Black, Poupore's treating orthopedic specialist, who performed his ankle surgery and treated him from January 2003 through July 2004. Dr. Black consistently stated in his reports that Poupore was not disabled from all work, but rather would be an excellent candidate for vocational rehabilitation, and capable of performing lighter work. Indeed, Dr. Black expressly stated that Poupore would be able to perform a sedentary, light-duty job, which would involve sitting most of the time, but allow Poupore to get up and move around from time to time if necessary. As this Court has previously stated, the requirement that Poupore get up and move around from time to time does not preclude his ability to perform sedentary work. Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir.2004). Thus, we find the ALJ's finding as to Poupore's residual functional capacity is supported by substantial evidence on the record.
Poupore argues for the first time in his reply brief that application of the Commissioner's regulations promulgated on August 26, 2003, as applied to the ALJ's adjudication of this case on December 14, 2004, was impermissibly retroactive, as his application for disability insurance benefits predated the modified rules. We reject this argument. Assuming arguendo that the new regulations implicated in this case are substantive and trigger the presumption of nonretroactivity in Landgraf v. USI Film Prods., 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), the regulations nevertheless properly apply to this matter. The Landgraf presumption against retroactive application of rule changes is not conclusive but may be rebutted where the legislation (or regulation) states that it is to apply retroactively. As Landgraf itself noted, "the constitutional impediments to retroactive civil legislation are now modest." Id. at 272, 114 S.Ct. 1483. In publishing the final rules, the Commissioner stated, "[a]s is our usual practice when we amend our regulations, the new rules will apply to all administrative determinations and decisions made on or after [the rules'] effective date, regardless of the date on which an application was filed." 68 Fed.Reg. 51,153, 51,159 (Aug. 26, 2003). This language is plainly sufficient to rebut the presumption against retroactivity. Although the district court did not reach this issue, the ALJ appears to have applied the new standard, and we are free to affirm the judgment of the district court on alternative grounds where the ALJ's decision reaches those grounds. See United States v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFLCIO, 948 F.2d 1338, 1347 (2d Cir.1991) ("[W]e may affirm on any ground that finds support in the record...."). The new regulations abrogate Curry v. Apfel and clarify that there is only a limited burden shift to the Commissioner in step *19 five. Under the applicable new regulation, the Commissioner need only show that there is work in the national economy that the claimant can do; he need not provide additional evidence of the claimant's residual functional capacity. 20 C.F.R. § 404.1560(c)(2).[1]
Second, substantial evidence supports the ALJ's finding that the testimony of one of Poupore's treating physicians, Dr. Amir, was not entitled to significant weight. A medical opinion may be given significant weight only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). Dr. Amir's September 2004 assessment that Poupore was limited to less than sedentary work was unsupported by any medical evidence. Dr. Amir did not support his conclusion with any clinical findings made in the course of his treatment, but rather relied upon the "evaluation by Dr. Black, orthopedics," as support for his assessment. However, as discussed above, Dr. Black's treatment notes do not support a conclusion that Poupore is entirely unable to perform even light, sedentary work. Thus, the ALJ did not err in according Dr. Amir's assessment with lesser weight.
Finally, substantial evidence supports the ALJ's finding that Poupore's subjective complaints of pain were insufficient to establish disability. His subjective complaints were unsupported by objective medical evidence tending to support a conclusion that he has a medically determinable impairment that could reasonably be expected to produce the symptoms alleged. See 20 C.F.R. § 404.1529(b), (c). The ALJ properly noted that Poupore recovered well from his left ankle injury, that Dr. Amir reported that Poupore had no muscle spasm or motor/sensory loss and no contractures, ankylosis or subluxation, and that Dr. Black believed he could return to lighter work. Further, the ALJ correctly noted that Poupore was able to care for his one-year-old child, including changing diapers, that he sometimes vacuumed and washed dishes, that he occasionally drove, and that he watched television, read, and used the computer. Given all the evidence before him, the ALJ properly found that Poupore's testimony about his limitations was not fully credible.
We have reviewed Poupore's remaining claims and find them to be similarly without merit.

Conclusion
The district court's order entered on January 25, 2008 affirming the Commissioner's denial of Poupore's claim for disability insurance benefits under the Social Security Act is hereby AFFIRMED.
NOTES
[*] The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.
[1] Prior to filing, we have circulated this opinion to all active members of this Court, and received no objection. See, e.g., United States v. Crosby, 397 F.3d 103, 105 n. 1 (2d Cir. 2005); Jacobson v. Fireman's Fund Ins. Co., 111 F.3d 261, 268 n. 9 (2d Cir. 1997).