DAVID G. LARIMER, United States District Judge
Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner.
On December 20, 2012, plaintiff, then 45 years old, filed applications for disability insurance and Supplemental Security Income ("SSI" ") benefits under Titles II and XVI of the Social Security Act. Plaintiff alleged an inability to work since April 15, 2012. (Dkt. # 7 at 11). His application was denied initially, and again on reconsideration. Plaintiff requested a hearing, which was held on April 16, 2014 before Administrative Law Judge ("ALJ") Hortensia Haaversen. The ALJ issued a decision on November 21, 2014, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. # 7 at 11-21). That decision became the final decision of the Commissioner when the Appeals Council denied review on February 5, 2016. (Dkt. # 7 at 1-4). Plaintiff now appeals from that decision. The plaintiff has moved (Dkt. # 12) and the Commissioner has cross moved (Dkt. # 14) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c).
DISCUSSION
Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation. See Bowen v. City of New York , 476 U.S. 467, 470-71, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). See 20 CFR §§ 404.1509, 404.1520. If the ALJ concludes that the claimant is not engaged in substantial gainful employment and suffers from a severe impairment, he then examines whether the claimant's impairment meets or equals the criteria of those listed in Appendix 1 of Subpart P of Regulation No. 4. If the impairment does so, and has continued for the required duration, the claimant is disabled. If not, analysis proceeds and the ALJ determines the claimant's residual functional capacity ("RFC")-that is, the ability to perform physical or metal work activities on a sustained basis, notwithstanding limitations for the collective impairments. See 20 CFR § 404.1520(e), (f). If the claimant's RFC permits him to perform relevant jobs he has done in the past, he is not disabled. If not, analysis proceeds to the final step, and the burden shifts to the Commissioner to *611 show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" given his age, education, and work experience. See Rosa v. Callahan , 168 F.3d 72, 77 (2d Cir.1999) (quoting Bapp v. Bowen , 802 F.2d 601, 604 (2d Cir. 1986) ). See also 20 CFR § 404.1560(c).
The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. See 42 U.S.C. § 405(g) ; Machadio v. Apfel , 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales , 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting Consolidated Edison Co. v. N.L.R.B. , 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938) ). "The Court carefully considers the whole record, examining evidence from both sides because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Tejada v. Apfel , 167 F.3d 770, 774 (2d Cir. 1999) (internal quotations omitted). Nonetheless, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." Melville v. Apfel , 198 F.3d 45, 52 (2d Cir.1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." Veino v. Barnhart , 312 F.3d 578, 586 (2d Cir. 2002).
The ALJ's decision recites detailed findings of fact and recites the bases upon which they rest. Upon careful review of the complete record, I believe that the ALJ applied the correct legal standards, and that her finding that plaintiff is not totally disabled is supported by substantial evidence.
In examining plaintiff's application, the ALJ summarized plaintiff's medical records, particularly with respect to anxiety disorder and personality disorder, which she determined together constituted a severe impairment not meeting or equaling a listed impairment. I believe the evidence supports the ALJ's conclusion that plaintiff, then a forty-seven year old man with a high school education and past employment as a customer service representative and salesperson, was not totally disabled, due to the ALJ's finding at step five that several positions existed in the economy that plaintiff could perform, including hospital cleaner, office helper and lens inserter. (Dkt. # 7 at 20).
I. Plaintiff's Exertional Limitations
In determining plaintiff's RFC, the ALJ considered the medical record with regard to plaintiff's exertional limitations, which included treatment notes for a bone spur in his left knee and a surgically repaired umbilical hernia, without any evidence of resulting limitations. Based on this evidence, the ALJ determined that plaintiff retained the exertional RFC to perform a full range of work at all exertional levels. I find that this determination is supported by substantial evidence cited by the ALJ, and plaintiff does not appear to challenge this portion of the ALJ's determination.
II. Plaintiff's Non-Exertional Limitations
In assessing plaintiff's non-exertional limitations, the ALJ applied the "special technique" prescribed for the evaluation of non-exertional impairments in adults at Steps 2 and 3 of the ALJ's analysis. The *612 special technique requires an ALJ to examine four categories of functionality: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decomposition. 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3).
Applying the special technique, the ALJ determined that plaintiff was mildly restricted in activities of daily living, had moderate difficulties in social functioning, experienced mild difficulties in concentration, persistence, or pace, and had experienced no episodes of decompensation. (Dkt. # 7 at 15). Concluding that plaintiff's severe mental impairment did not meet or equal a listed impairment, the ALJ proceeded to Step 4 of the analysis, the determination of plaintiff's RFC. Based on the record, the ALJ opined that plaintiff suffered from severe impairments of anxiety and personality disorder, and retained the RFC to perform the full range of work at all exertional levels, but was limited to jobs requiring no more than occasional interaction with coworkers, supervisors, and the general public.
Initially, plaintiff contends that the ALJ erred by failing to complete the record by obtaining plaintiff's treatment records from the Personalized Recovery Oriented Services ("PROS") Program, and that this gap in the record prevented her from making any decision based on substantial evidence, or from having a sufficient evidentiary basis to reject the opinions of plaintiff's treating mental health counselor, Ms. Meredith Surdel, or treating psychiatrist, Dr. Ram Rappaport.
The Court disagrees. The ALJ's duty to develop the record is not "infinite," and when, as here, "evidence in hand is consistent and sufficient to determine whether a claimant is disabled, further development of the record is unnecessary." Kinslow v. Colvin , 2014 WL 788793 at *4 n.10, 2014 U.S. Dist. LEXIS 25717 at *12 n.10 (N.D.N.Y. 2014). See also Rosa, 168 F.3d 72 at 79 n.5 (where there are no "obvious gaps" in the record, the ALJ is not obligated to seek additional information).
It appears that the ALJ did make repeated attempts to obtain the records at issue. Plaintiff's representative informed the ALJ at the hearing that certain treatment records from plaintiff's Personalized Recovery Oriented Services ("PROS") therapy had not been submitted, and committed to obtaining them within two weeks and forwarding them to the ALJ for inclusion in the record. When the representative failed to do so, the ALJ, in correspondence copied to plaintiff, sent two separate requests to PROS for those records, which were apparently ignored. (Dkt. # 7 at 233-34, 236-37.) While the lack of response meant that PROS treatment records were not able to be made part of the administrative record, I do not find that the lack of such records rendered the administrative record so incomplete as to prevent that ALJ from rendering a decision based on substantial evidence. Plaintiff does not allege, nor is there evidence to otherwise suggest, that additional PROS records would have contained any findings or evidence not already accounted-for in the 150 pages of medical documentation in the record, including the opinions of plaintiff's treating PROS physician and counselor. The record contained, and the ALJ explicitly considered and discussed, the April 2014 reports of plaintiff's PROS psychiatrist Dr. Rappaport, and PROS counselor Ms. Meredith Surdel, both of which purport to describe plaintiff's diagnoses and summarize his cumulative treatment history with PROS. (Dkt. # 7 at 338-41, 343-48). Plaintiff points to no deficiencies or gaps in those reports.
*613 Plaintiff also alleges that the ALJ's RFC, which purported to give "great weight" to the opinion of consultative examiner Dr. Christine Ransom, failed to account for Dr. Ransom's finding that plaintiff had "moderate" limitations in dealing appropriately with stress-for example, by including limitations in plaintiff's RFC that would restrict plaintiff to low-stress work or simple, slow-paced jobs. However, the addition of such a limitation here would be redundant: it is well-settled that a limitation to unskilled work, such as the hospital cleaner, office helper, and lens inserter positions identified by the VE as suitable for someone with plaintiff's RFC, sufficiently accounts for limitations relating to stress and production pace. See Delossantos v. Commissioner , 2017 WL 4011265 at *9, 2017 U.S. Dist. LEXIS 146650 at *27 (N.D.N.Y. 2017) (limitation to, inter alia, low stress work, does not significantly erode the occupational base for unskilled work); Abar v. Colvin , 2016 WL 1298135 at *5 n.8, 2016 U.S. Dist. LEXIS 43206 at *15 n.8 (N.D.N.Y. 2016) ("when medical evidence demonstrates that a claimant can engage in simple routine tasks or unskilled work despite limitations in... pace, limiting a plaintiff to only unskilled work sufficiently accounts for such limitations"). See generally , Williams v. Colvin , 2016 U.S. Dist. LEXIS 133398 at *21-*22 (W.D.N.Y. 2016) (office helper position is "low stress"); Johnson v. Barnhart , 2008 U.S. Dist. LEXIS 15649 at * 18 (W.D.N.Y. 2008) (lens inserter position involves no more stress than is typically found in routine, repetitive, unskilled work).
Finally, plaintiff claims that the ALJ's credibility finding-specifically, her finding that plaintiff's testimony as to the intensity, persistence and limiting effects of his anxiety was not entirely credible-was insufficiently supported.
An ALJ "may discount plaintiff's testimony to the extent that it is inconsistent with medical evidence, the lack of medical treatment, and [claimant's] own activities during the relevant period." Lovell v. Colvin , 137 F.Supp.3d 347 (W.D.N.Y. 2015) (quoting Wischoff v. Astrue , 2010 WL 1543849, at *7, 2010 U.S. Dist. LEXIS 37961, at *17 (W.D.N.Y. Apr. 16, 2010) ). Plaintiff's testimony concerning his activities of daily living, which include cleaning his apartment, weekly grocery shopping, attending a vocational rehabilitation course, playing games, and socializing, appear to contradict his testimony regarding debilitating symptoms. (Dkt. # 7 at 17, 30-34).
I have considered the rest of plaintiff's claims, and find them to be without merit.
On balance, I find that the record simply does not support plaintiff's claim of total disability. As such, I concur with the ALJ and conclude that there is substantial evidence to support her determination as to plaintiff's residual functional capacity. There is no dispute that the positions identified by vocational expert Joey Kilpatrick at the plaintiff's hearing-hospital cleaner, office helper and lens inserter-are consistent with this RFC, as well as with plaintiff's age, educational background and past work experience. As such, I find no reason to modify the ALJ's decision.
CONCLUSION
The plaintiff's motion for judgment on the pleadings (Dkt. # 12) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. # 14) is granted. The Commissioner's decision that plaintiff was not disabled is in all respects affirmed, and the complaint is dismissed.
IT IS SO ORDERED.