16-3975
Crowell v. Comm'r of Soc. Sec.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand seventeen.

PRESENT:

> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> PETER W. HALL,
> *Circuit Judges.*

_____

Nathaniel H. Crowell,

> *Plaintiff-Appellant*,

v.                                                                    16-3975

Commissioner of Social Security Administration,

> *Defendant-Appellee*.

_____

| | |
|---|---|
| Appearing for Appellant: | Nathaniel H. Crowell, pro se, New York, N.Y. |
| Appearing for Appellee: | Allison M. Rovner, Assistant United States Attorney (Christopher Connolly, Benjamin H. Torrance, Assistant United States Attorneys, *on the brief*), *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, N.Y. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*; Pitman, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Nathaniel Crowell, pro se, sought review of a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for disability insurance benefits, following an adverse decision by an administrative law judge ("ALJ"). He appeals from the district court's grant of judgment on the pleadings in favor of the Commissioner. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's judgment on the pleadings. *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010). When the judgment upholds a benefits determination by the Commissioner, we conduct a de novo review of the administrative record "to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Id*. (quoting *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002)). The substantial evidence standard means that "once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would have to conclude otherwise." *Brault v. Soc. Sec. Admin. Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (citation and internal quotation marks omitted).

Upon such review, we conclude that the district court properly ruled that the ALJ applied the correct legal standards, and that both its factual determinations and legal conclusions were supported by substantial evidence. The ALJ correctly determined that Crowell's chronic diarrhea did not meet 20 C.F.R. Part 404, Subpart P, Appendix 1 – Part A2, Listing 14.08I ("Listing 14.08I"), Crowell's condition did not otherwise render him unable to work, and he had medically improved in 2004 so that he could perform sedentary work. Further, the ALJ substantively applied the treating physician rule, as required. The ALJ supported his decision with substantial evidence from the medical records and testimony. Accordingly, we affirm for substantially the same reasons stated by the magistrate judge in his August 2016 report and recommendation, adopted in full by the district court.

The Commissioner is correct that Crowell did not meet the criteria of Listing 14.08I. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). Listing 14.08I, subsequently reserved as of January 2017, required: "Diarrhea, lasting for 1 month or longer, resistant to treatment, and requiring intravenous hydration, intravenous alimentation, or tube feeding." 20 C.F.R. Part 404, Subpart P, App. 1, § 14.08I (Eff. December 8, 2014). The regulation defines "resistant to treatment" as "a condition that did not respond adequately to an appropriate course of treatment." *Id*. at 14.00(C)(11). As noted by the magistrate judge in her analysis of the treating physician rule, substantial evidence supported the ALJ's finding that Crowell's diarrhea was not resistant to treatment.

We also agree with the magistrate judge that the ALJ substantively applied the treating physician rule in discounting a treating physician's opinion, despite declining to explicitly discuss the applicable regulatory framework. The opinion of a treating physician is afforded "controlling weight so long as it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(d)(2)) (internal punctuation omitted). However, a treating physician's opinion will not control in all instances. The regulations require the ALJ to consider several factors, listed in 20 C.F.R. § 404.1527(d)(2) for claims filed before March 27, 2017, in determining how much weight to give a treating physician's opinion. *Id.* at 129. Ultimately, an ALJ must "comprehensively set forth [her] reasons for the weight assigned to a treating physician's opinion." *Id.* (quoting *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004)). An application of the treating physician rule is sufficient when the ALJ provides "good reasons" for discounting a treating physician's opinion that reflect in substance the factors as set forth in § 404.1527(d)(2), even though the ALJ declines to examine the factors with explicit reference to the regulation. *See Halloran*, 362 F.3d at 32-33.

While the ALJ did not explicitly discuss the treating physician rule, he nonetheless stated that Dr. Schwartz's opinion—to the effect that Crowell satisfied the listing—was contradictory to the rest of the record evidence. Substantial evidence showed that Crowell reported having only "episodic" diarrhea after his November 2002 hospitalization and Dr. Schwartz's own medical notes did not state that Crowell suffered from diarrhea at the time of her opinion stating that he met Listing 14.08I. Thus, the ALJ provided "good reasons" for discounting Dr. Schwartz's opinion. *See Burgess*, 537 F.3d at 129-30.

We have considered all of Crowell's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3