DISCUSSION
An ALJ applies a well-established five-step evaluation process to determine whether a claimant is disabled within the meaning of the Social Security Act, familiarity with which is presumed. See Bowen v. City of New York , 476 U.S. 467, 470-71, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. See 42 U.S.C. § 405(g) ; Machadio v. Apfel , 276 F.3d 103, 108 (2d Cir. 2002).
Here, the ALJ determined that plaintiff has suffered from the following severe impairments: migraine headaches, anxiety, depression, hand numbness and fibromyalgia. (Dkt. # 8 at 16).
After reviewing of the evidence of record, the ALJ found that the plaintiff has retained the residual functional capacity ("RFC") to perform sedentary work, except that she should have no more than occasional exposure to dust, odors, fumes and gases and extreme hot and cold temperatures and humidity. The plaintiff should not be required to work in direct sunlight. She can frequently reach, handle, finger, and feel. She is limited to goal-oriented work rather than production pace work. She should be permitted to wear sunglasses while working. (Dkt. # 8 at 18).
When presented with this RFC, vocational expert Linda N. Vause testified that plaintiff could perform the positions of document preparer, information clerk, and addresser. (Dkt. # 8 at 21).
Plaintiff argues that the ALJ erred when she assessed the effect of plaintiff's depression and anxiety on her RFC without the benefit of a medical opinion, and that her decision was therefore a lay opinion, based on an incomplete record. The Court concurs.
"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation *434 to develop the administrative record. This duty exists even when the claimant is represented by counsel." Perez v. Chater , 77 F.3d 41, 47 (2d Cir. 1996). While it is not per se error for an ALJ to make an RFC determination without relying on a medical opinion, the ALJ's determination must be supported by substantial evidence of record. See Tankisi v. Commissioner , 521 Fed. Appx. 29 (2d Cir. 2013). Thus, where the record is not otherwise complete and fails to meaningfully address a claimant's functional physical and/or mental limitations, the ALJ's duty to further develop the record is triggered, and the ALJ's failure to satisfy that duty is reversible error. See Williams v. Colvin , 2016 U.S. Dist. LEXIS 51621 at *12-*13 (W.D.N.Y. 2016).
Here, although the ALJ found that plaintiff's severe impairments included depression and anxiety, the record was devoid of medical opinion evidence concerning the plaintiff's mental RFC. Indeed, the ALJ did not cite to any evidence of record, or otherwise provide any factual basis to support, any of her findings concerning plaintiff's mental RFC, other than to summarize plaintiff's own testimony concerning her daily activities. (Dkt. # 8 at 17).
Stated simply, the record lacks any useful medical evidence, and particularly an opinion by any treating or examining source, that addresses whether and to what extent plaintiff's mental impairments impact her ability to perform work-related functions. Although the ALJ briefly questioned plaintiff at the hearing about her anxiety and depression, she testified only that her depression "comes in waves," that her anxiety causes constant nervousness, and that she was presently on a two-month waiting list to see a mental health specialist because her anxiety was "not under control." (Dkt. # 8 at 37-38).
Given the lack of evidence concerning plaintiff's mental limitations, the ALJ was required to obtain a consultative examination and/or seek additional opinion evidence from plaintiff's treating physician, Dr. Ronald Guzman, who prescribed plaintiff's medications for depression and anxiety. See Hooper v. Colvin , 199 F.Supp.3d 796, 815 (S.D.N.Y. 2016) (remand is required where ALJ "made [claimant's] disability determination based on a record devoid of any truly complete medical opinion"). See also Haymond v. Colvin , 2014 WL 2048172 at *7, 2014 U.S. Dist. LEXIS 68511 at *22 (W.D.N.Y. 2014) (remand is required where "no psychiatrist, psychologist, social worker, or counselor examined Plaintiff and gave an opinion regarding the functional limitations caused by her ... mental impairments").
The Commissioner argues that because the record reflects only minor psychological impairments, and because plaintiff had not sought treatment from any specialists for those impairments (although she did indicate at the hearing that she was on a waiting list to do so), the ALJ was within her discretion to make a "common sense judgment" concerning the impact of the claimant's mental limitations, and no medical opinion evidence was necessary. Gross v. Astrue , 2014 WL 1806779 at *18, 2014 U.S. Dist. 63251 at *51 (W.D.N.Y. 2014) (quoting House v. Astrue , 2013 WL 422058 at *4, 2013 U.S. Dist. LEXIS 13695 at *10 (N.D.N.Y. 2013) ). However, the Commissioner's post hoc description of plaintiff's mental impairments as minor is undermined by the ALJ's step two finding that plaintiff's depression and anxiety are "severe" impairments. (Dkt. # 8 at 16). See Jones v. Colvin , 2015 WL 5126151 at *4-5, 2015 U.S. Dist. LEXIS 116298 at *10-*11 (W.D.N.Y. 2015) ("because the ALJ concluded that [p]laintiff's depression was significant enough to constitute *435 a severe impairment, his subsequent failure to obtain a medical assessment of the extent of that impairment from either a treating or consultative examiner quantifying [p]laintiff's mental limitations rendered the record incomplete"). Moreover, while an ALJ may, in some circumstances, proceed without a medical source opinion as to the claimant's functional limitations, there must still be "sufficient evidence" for the ALJ to properly make the RFC determination. See Sanchez v. Colvin , 2015 WL 736102 at *6, 2015 U.S. Dist. LEXIS 20812 at *6 (S.D.N.Y. 2015) ("the administrative record here is a far cry from [those] which have excused the ALJ's failure to seek a treating physician's opinion based on the completeness and comprehensiveness of the record"). Here, the record lacks any such evidence.
In any event, the leeway given to ALJs to make "common sense judgments" does not necessarily extend to the assessment of mental limitations, which are by their very nature "highly complex and individualized." Nasci v. Colvin , 2017 WL 902135 at *9, 2017 U.S. Dist. LEXIS 31937 at *26 (N.D.N.Y. 2017) (because mental limitations determinations are extremely complex, an ALJ's mental RFC finding cannot be rendered solely on common sense, but requires medical opinion evidence).
Because the ALJ's RFC finding was not supported by any medical opinions of record with respect to plaintiff's mental impairments, I find that the ALJ did not satisfy her duty to complete the record, and that her RFC finding was not supported by substantial evidence. Remand is therefore appropriate.
CONCLUSION
For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Dkt. # 10) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. # 12) is denied. The Commissioner's decision that plaintiff was not disabled is reversed, and the matter is remanded for further administrative proceedings, including but not limited to the obtainment and consideration of medical opinion evidence relative to the limitations, if any, posed by plaintiff's mental impairments.
IT IS SO ORDERED.