21-1203-cv
*Lundie v. Kijakazi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of April, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*.

_____

JOHN B. LUNDIE,

> *Plaintiff-Appellant*,

> v.                                                      21-1203-cv

KILOLO KIJAKAZI, Acting Commissioner, Social Security Administration,

> *Defendant-Appellee*.*

_____

| | |
|---|---|
| For Plaintiff-Appellant: | John B. Lundie, *pro se*, Patchogue, NY. |
| For Defendant-Appellee: | Varuni Nelson, Arthur Swerdloff, Paulina A. Stamatelos, Assistant United States Attorneys, *for* |

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Commissioner Kilolo Kijakazi is automatically substituted for Defendant-Appellee.

Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** to the district court with instructions to remand to the Commissioner for further proceedings consistent with this order.

Plaintiff-Appellant John Lundie ("Lundie"), proceeding *pro se*, appeals from a March 31, 2021 opinion and order of the district court, denying Lundie's motion for appointment of counsel and granting the motion of the Commissioner of Social Security ("Commissioner") for judgment on the pleadings, based on a finding that substantial evidence supported the determination by the administrative law judge ("ALJ") that Lundie was not disabled. Lundie sought review before the district court of a final determination from the Commissioner, which denied his application for Social Security disability insurance benefits based on memory and focus impairment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*     \*     \*

When this Court reviews the Commissioner's denial of Social Security benefits, "our focus is not so much on the district court's ruling as it is on the administrative ruling." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012) (per curiam) (citation and internal quotation marks omitted). Where the district court's judgment upholds the Commissioner's determination, we conduct a *de novo* review of the administrative record "'to determine whether there is substantial evidence supporting the Commissioner's decision and whether the

2

Commissioner applied the correct legal standard.'" *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (quoting *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002)).

Lundie argues that the ALJ failed to adequately develop the record below. We agree. "[W]here there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history even when the claimant is represented by counsel or . . . by a paralegal." *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (citation and internal quotation marks omitted). This duty reflects "the essentially non-adversarial nature of a benefits proceeding." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) (citation and internal quotation marks omitted). Where, as here, the claimant proceeds *pro se*, the ALJ's duties are "heightened." *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990). The ALJ must "adequately protect a *pro se* claimant's rights [by] . . . scrupulously and conscientiously prob[ing] into, inquir[ing] of, and explor[ing] for all the relevant facts." *Id.* (quoting *Echevarria v. Sec'y of Health & Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982)) (internal quotation marks omitted). Accordingly, we have held that "when a claimant appears *pro se* and is otherwise impaired, we must 'make a searching investigation of the record to make certain that the claimant's rights have been adequately protected.'" *Moran v. Astrue*, 569 F.3d 108, 113 (2d Cir. 2009) (quoting *Cruz*, 912 F.2d at 11); *see Cruz*, 912 F.2d at 11 (conducting a "searching investigation" of the record where the claimant appeared "*pro se*, suffer[ed] ill health and [was] unable to speak English well" (citation and internal quotation marks omitted)). An ALJ's failure to adequately develop the record warrants remand. *See Rosa*, 168 F.3d at 82–83.

The limited record herein reveals several missed opportunities to further develop the relevant facts. For example, when the ALJ asked Lundie about his work history, Lundie indicated that he had "retired" and "moved back in with [his] parents," who were reluctant to help

3

him following a 2004 arrest and "involuntary commitment," at which point he was "heavily medicated." A.R. 46. Lundie's 2004 involuntary commitment is also reflected in his medical records from Brookhaven Memorial Hospital Medical Center, where he underwent psychiatric treatment in 2014. A.R. 205. These records indicate that Lundie was "treated with Abilify," an antipsychotic medication, "at Greenport Hospital back in 2004 for few months." A.R. 205. The ALJ, however, failed to request medical records from Greenport Hospital, or to explore the circumstances that led to Lundie's 2004 hospitalization. The ALJ also did not contact Lundie's parents, who the record indicates would likely have firsthand knowledge of Lundie's medical condition. Evidence relating to Lundie's 2004 hospitalization and subsequent treatment may have significance for his claim of disability for the period of November 2006 through December 2011.

The ALJ's failure to probe the relevant facts is especially concerning given that the ALJ was presented with documentary and testimonial evidence that Lundie suffers from cognitive impairments. *See Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 514 (2d Cir. 2002) (noting that "it is self-evident that courts should exercise an extra measure of caution when adjudicating the claims of a litigant whose mental capacity is in question"). For example, Lundie testified to having "become extremely forgetful," A.R. 41, and, in response to questions from the ALJ about his living situation and work and medical history, answered, "I don't remember this any. . . . [T]he difficulty that I'm having is in forming memories," A.R. 44. The Brookhaven Hospital medical records also indicate that Lundie has been diagnosed with schizophrenia. A.R. 206. Accordingly, given that Lundie was "less able to participate in the proceedings" because of his mental impairments, *Chapman*, 288 F.3d at 514, the ALJ's duty to develop the record was particularly important. *See id.* (citing *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991)

4

(observing that an ALJ's duty to develop the record is "especially important" in cases involving mental impairment)).

In light of our decision to remand, we need not consider (1) whether the district court abused its discretion in denying Lundie's request for appointment of counsel; or (2) Lundie's March 30, 2022 letter notifying the Court that he has Stage IV Non-Hodgkin's Lymphoma — a fact he also included in his reply brief, *see* Appellant's Reply Br. at 10 — and attaching medical records dating from October 2021 to February 2022. 2d Cir. 21-1203, doc. 76 (Ltr.). We have considered Lundie's remaining arguments and find them to be without merit. Accordingly, we **DENY** Lundie's motion for disability benefits as moot, **VACATE** the decision of the district court, and **REMAND** to the district court with instructions to remand the matter to the Commissioner for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court