20-2819-cv
*Cuda v. Comm'r*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of October, two thousand twenty-one.

PRESENT:
> Barrington D. Parker,
> Susan L. Carney,
> Richard J. Sullivan,
>
> *Circuit Judges.*

---

Carol Ann Cuda,

> *Plaintiff-Appellant,*

v.                                                              20-2819

Commissioner of Social Security,

> *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:          Carol Ann Cuda, pro se, New York Mills, NY.

FOR DEFENDANT-APPELLEE:           Andreea L. Lechleitner, Special Assistant United States Attorney, Ellen E. Sovern, Regional Chief Counsel – Region II, Office of the General Counsel, Social Security Administration, *for* Antoinette T. Bacon,

Acting United States Attorney for the Northern District of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Baxter, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Carol Ann Cuda, proceeding *pro se*, sought review of a final determination by the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") under 42 U.S.C. § 423(d)(1). Acting on the parties' consent, a magistrate judge adjudicated the case and granted judgment to the Commissioner based on a determination that substantial evidence supported the administrative law judge's decision ("ALJ") that Cuda was not disabled within the meaning of the Social Security Act. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and refer to them only as needed to explain our decision to affirm.

We review *de novo* a district court's judgment on the pleadings. *Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003). When the judgment upholds a benefits determination by the Commissioner, we conduct a *de novo* review of the administrative record "to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (quoting *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002)). "The substantial evidence standard means once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d

2

Cir. 2012) (internal quotation marks omitted) (emphasis in original).

Upon such review, we conclude that the ALJ applied the correct legal standards and that the determination that Cuda was not disabled was supported by substantial evidence. As the ALJ correctly determined, Cuda's acid reflux disease was a not a severe impairment; Cuda's conditions did not meet the definition of any listed impairment; and Cuda could perform work available in the national economy. Nor did the ALJ err in its determination of Cuda's residual functional capacity. The ALJ supported his decision with evidence drawn from the medical records. In addition, we identify no error in the Appeals Council's decision denying review of the ALJ's decision; evidence regarding Cuda's Sjögren's Syndrome diagnosis would not have altered the ALJ's determination.

We have considered all of Cuda's remaining arguments and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

3